IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILAL HASANIE HILL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 4:20-cv-00804-JMB ) ) |
| ADVANCED CORRECTIONAL HEALTHCARE, INC., et al. | ) ) ) ) |
| Defendant(s). | ) ) |

**NON-PARTIES SPARK TRAINING, LLC, JAB MANAGEMENT SERVICES, INC., AND USA MEDICAL AND PSYCHOLOGICAL STAFFING, P.S.C.'S SUGGESTIONS IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS**

COME NOW Non-Parties, Spark Training, LLC, JAB Management Services, Inc. and USA Medical and Psychological Staffing, P.S.C., by and through undersigned counsel, and for their Suggestions in Support of their Motion to Quash Plaintiff's Subpoenas, state the following:

On April 1, 2021, non-parties Spark Training, LLC and JAB Management Services, Inc. were served with Subpoenas from Plaintiff to provide extensive documentation by April 13, 2021. On April 2, 2021, non-party USA Medical and Psychological Staffing, P.S.C. received a Subpoena from Plaintiff to provide extensive documentation by April 13, 2021. The undersigned law firm is counsel for defendants ACH, Dr. Bentley, Nurse Dionne Kelley, and Dr. Travis Schamber in this litigation, and is also counsel for non-party entities Spark Training, LLC, JAB Management Services, Inc., and USA Medical and Psychological Staffing.

Plaintiff did not provide a notice and copy of the subpoena to all counsel prior to

service of the subpoena, and that failure to do so violated Federal Rule of Civil Procedure 45(a)(4).  As Plaintiff is aware, these non-parties are legal entities through which various services related to ACH contracts with counties and jails are provided.   In prior discovery requests made to Defendant ACH by Plaintiff, which have been voluminous, overbroad, and substantially irrelevant, all of the responses and documents provided have actually been provided by or through Spark Training, JAB Management Services, and USA Medical and Psychological Staffing.  Other than a few documents requested in the subpoenas served on these non-parties, which have either now been provided in response to said subpoenas (e.g. contracts between those entities) or to which objections have been filed, all of the requests set forth in the subpoenas served upon these non-parties are <u>wholly duplicative</u> of previous discovery requests served upon Defendant ACH, to which voluminous documents in response have been provided.

       The burden and expense to these Non-Parties to once again provide the documentation that Plaintiff again requests, is not proportional to the needs of Plaintiff's case and outweighs its likely benefit.  Therefore, pursuant to Rule 45(d)(3)(A)(iii) and (iv), and Rule 26(b)(1)(FRCP), Plaintiff's subpoenas should be quashed.  In fact, many of the requests in these subpoenas seek documentation that this Honorable Court has already limited or denied when Plaintiff requested said documents in discovery directed to Defendant, ACH.  Under Rule 45(d)(3), a Motion to Quash should be filed if a subpoena: Fails to allow reasonable time to respond, requires compliance beyond the geographical limits, seeks disclosure of privileged or protected materials, or constitutes an undue burden.  All of those reasons apply here.  However, these non-party entities have nevertheless provided Plaintiff, in response to said subpoenas, copies of those materials

not already provided in response to prior discovery in an attempt to limit the issues for this court to resolve, other than those to which more specific objections have been articulated.

The Rules Committee has repeatedly attempted to address the problem of over-discovery and abuse of the discovery rules. "Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake." Fed. R. Civ. P. 26 (Advisory Committee Notes, 1983 Amendments). Rule 26(b)(1) has been amended to add a sentence to deal with the problem of over-discovery. "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry". Fed. R. Civ. P. 26, Notes of Advisory Committee Notes, 1983 Amendments (Subdivision (b)). The Committee noted that the revision was intended "to deal with the problem of over-discovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry". *Id*. That revision evidently failed to achieve the goals of reducing "over-discovery" and, perhaps in part due to the 1983 Amendments. The 2015 Amendment "restores the proportionately factors to their original place in defining the scope of discovery." *Id*.

Request 3 to Spark Training, and Request 4 to JAB Management and USA Medical states:

*Any and all documents, including but not limited to communications between You and anyone at ACH, anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Kelley, and Lt. Joe Taylor, that in any way relates to the medical care provided to inmates at Phelps County.*

These requests are vague, overbroad, unduly burdensome, violate HIPAA, and patient confidentiality, are irrelevant as to time and subject matter. These requests are not limited to Bilal Hill and therefore, are completely irrelevant to this action. Further, they seek information about the medical care of other inmates, which would violate HIPAA. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires that a subpoena be quashed or modified when it requires disclosure of privileged or other protected matter, provided that no exception or waiver applies. In an effort to be cooperative, these Non-Parties responded to these overly broad, irrelevant and unduly burdensome requests, but limited the responses to Bilal Hill. A subpoena should also be quashed when it subjects a person to an undue burden and expense, and the demand for the discovery is not proportional to its needs, and outweighs its likely benefits. Rules 45(d)(3)(A)(iv) and 26(b)(1) FRCP, *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742-43 (8th Cir. 2008) citing *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 466 and 468 (N.D. Tex. 2015).

Request 5 to Spark Training states:

*Any and all advertising and marketing materials provided, or otherwise made available, to anyone at Phelps County.*

This request is vague and overbroad as to time and "any and all". It is also unduly

burdensome and irrelevant as to any material provided before or after the timeframe of September 19, 2019 to April 3, 2020, as those are the inclusive dates this Honorable Court already limited a discovery request to Defendant ACH that sought this same information.  This Non-Party, however, in an effort to be cooperative, answered the request with the Court's previous limitation.

Requests 6 to Spark Training and 7 to JAB Management and USA Medical states:

*Any and all documents, including advertising materials, which You have provided to potential clients in the United States from September 18, 2019 up and until the present date.*

These requests are vague and overbroad as to time and subject matter.  They are unduly burdensome and irrelevant as to any other client besides Phelps County Jail and any material provided before or after the timeframe of September 19, 2019 and after April 3, 2020 as those are the inclusive dates the Court already limited a discovery request that sought this same information.  These Non-Parties, however, in an effort to be cooperative, answered the requests based on the Court's previous limitation.

Requests 10 to Spark Training and 11 to JAB Management and USA Medical states:

*Any and all documents that relate to Your financial history, including but not limited to, securities accounts, bank accounts, loans, and credit card statements, for the past ten (10) years.*

These requests are unduly burdensome, overbroad and irrelevant, especially as to Non-Parties.  Further, these requests seek confidential and proprietary information, which the Court already ruled Plaintiff was not entitled to as to Defendant ACH, and therefore,

a non-party should absolutely not be required to produce any such documentation. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and Federal Rule of Civil Procedure 26.

Request 11 to Spark states:

*Any and all financial documents, including but not limited to billing records, receipts, and account summaries, that relate to your contract with Phelps County.*

These requests are unduly burdensome, overbroad and irrelevant, especially as to Non-Parties. There is no time limitation, and these requests seek confidential and proprietary information, which the Judge already ruled Plaintiff was not entitled to as to Defendant ACH, and therefore, a non-party should absolutely not be required to produce any such documentation. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and Federal Rule of Civil Procedure 26. Subject to said objection, Spark has no contract with Phelps County.

Request 11 to JAB Management and USA Medical states:

*Any and all documents that relate to Your financial history, including but not limited to, securities accounts, bank accounts, loans, and credit card statements, for the past ten (10) years.*

These requests are vague, unduly burdensome, overbroad, and irrelevant. They seek confidential and proprietary information, which the Court previously ruled Plaintiff was not entitled to as to Defendant ACH, and therefore, a non-party should not be required to produce any such documentation. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and Federal Rule of Civil Procedure 26.

Request 19 to Spark and 28 to JAB Management and 32 to USA Medical states:

*Any and all documents demonstrating the relationship between You and the*

*Young Law Firm. This request includes but is not limited to documents evidencing the use of common real estate space; communications and/or agreements related to ACH employees providing expert witness services; the financial arrangements and related communications and documents between ACH, the Young Law Firm, Dr. Travis Schamber, and/or any other ACH employee about expert witness services.*

These requests are overly broad and unduly burdensome, as they are not limited in time and request any and all documents. Further, they request completely irrelevant information, such as documents about real estate space and communications about expert witness services. The Young Law Firm is not in any way related to this lawsuit and did not have any involvement in the care and treatment of Mr. Hill. Further, this request seeks proprietary information such as financial documents, which the Court already ruled Plaintiff was not entitled to as to Defendant ACH, and therefore, a non-party should not be required to produce any such documentation. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) and Federal Rule of Civil Procedure 26.

<u>Requests 25 and 29 to Spark Training, and 53 and 54 to USA Medical and 48 and 49 to JAB state:</u>

*Any and all training materials, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, materials, and any other documents that in any way describe, relate, outline, and/or govern the medical care that was to be provided to inmates at Phelps County and were submitted to the American Academy of Family Physicians.*

*Any and all training materials, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, materials, and any other documents that in any way*

*describe, relate, outline, and/or govern the medical care that was to be provided to inmates at Phelps County and were submitted to the Agency of the American Nursing Credentialing Center.*

These requests are vague, overbroad, unduly burdensome, and irrelevant as to time and subject matter. The burden and expense, as well as the burden to embarrass, annoy, and oppress this non-party outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, these requests are not specific enough.

Request 25 to JAB Management and 29 to USA Medical states:

*The files, including all communications and documents, related to Dr. Travis Schamber's medical reviews of the 120+ inmates' medical care as Medical Director for ACH as described in his deposition in this case and in Pfaller.*

These requests, once again, are the same as requests previously sent to Defendant ACH. Further, Dr. Schamber has now been deposed two times. These requests are completely overbroad, unduly burdensome, irrelevant, and seek confidential and proprietary information and would violate HIPAA and patient confidentiality. The discovery process was not designed to be a scorched earth battlefield upon which the rights of litigants and the efficiency of the judicial system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. *State ex rel. Madlock v. O'Malley*, 8 S.W.3d 890, 891 (Mo. banc 1999), *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602 (Mo. banc 2002). The burden and expense, as well as the burden to embarrass, annoy, and oppress these Non-Parties outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(1) and (2)(C)(iii) and 26(c)(1). These

discovery requests are not proportional to the needs of this case. The requests are overbroad and further unduly burdensome because they seek documentation generated well before and after the timeframe of the allegations in this lawsuit and also request documentation completed unrelated to this case. The requests also seek attorney-client privileged and insurer-insured privileged information in terms of communications exchanged between attorneys for ACH and their employees or communications between the insurance company. It would be too burdensome to provide a privilege log for this request given the voluminous nature of this request.

<u>Requests 29 to JAB Management and 33 to USA Medical states:</u>

*The transcript and exhibits for Dr. Schamber's 30(b)(6) testimony in the recent "Marshall" case described in his deposition and all discovery responses, document productions, and ACH deposition transcripts in that case.*

These requests are completely irrelevant and seek confidential information that would violate HIPAA. These requests seek information about the medical care provided to a different inmate and seek documentation that is also confidential because there is a Protective Order in place in the *Marshall* case. In an effort to be cooperative, these Non-Parties responded to Plaintiff that they do not have any other documentation responsive to these requests that was not confidential, other than what was already previously produced by Defendant ACH related to identical requests made previously.

<u>Requests 32 to JAB Management and 36 to USA Medical states:</u>

*Any and all discovery responses including document productions and/or depositions of ACH witnesses in any wrongful death lawsuit not involving an inmate suicide from 2005 to the present.*

These requests are completely overboard, unduly burdensome, and are irrelevant to this case. They are overbroad in that they seek any and all documents and they also seek documents from a period of time from 2005 to the present. ACH has contracts with over 300 jails. They are overbroad as to subject matter as well. They are not limited to a relevant timeframe or geographically to Phelps County or even the State of Missouri. These requests are repetitive and harassing as this information has already been asked of defendant ACH in discovery, to which an objection was filed and sustained. Further they are obviously unduly burdensome and irrelevant to this lawsuit. What occurred in any wrongful death lawsuit has no bearing on Mr. Hill's care and treatment provided from January 2020 to April 2020. These requests seek documentation before and after the timeframe of the allegations in this lawsuit and documentation completely unrelated to this case. These requests seek confidential information because they request documentation of patients and production of those documents would violate HIPAA, as well as potentially various Protective Orders. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires that a subpoena be quashed or modified when it requires disclosure of privileged or other protected matter, provided that no exception or waiver applies. A subpoena should also be quashed when it subjects a person to an undue burden and expense, and the demand for the discovery is not proportional to its needs, and outweighs its likely benefits. Rules 45(d)(3)(A)(iv) and 26(b)(1) FRCP, *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 742-43 (8th Cir. 2008) citing *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 466 and 468 (N.D. Tex. 2015).

<u>Requests 40 to JAB Management and 45 to USA Medical states:</u>

*All compensation information related to any compensation to Dr. Bentley, Nurse*

*Kelley, Dr. Travis Shamber (sic) and Jessica Young for the last 7 years.*

These requests are vague as to "compensation information", overbroad, unduly burdensome and irrelevant. These requests also seek premature, personal and confidential information that this Court has already ruled is not currently discoverable. If such documentation is not discoverable as to a party, i.e., ACH, then it definitely is not discoverable as to a Non-Party such as Jessica Young. Plaintiff's requests to these Non-Parties is harassing, repetitive and unduly burdensome. The burden and expense, as well as the burden to embarrass, annoy and oppress this non-party outweighs any likely benefit of this discovery. Federal Rules of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). Seeking compensation information for Defendants Kelley, Bentley and Schamber is overtly harassing. These discovery requests are not proportional to the needs of the case. Plaintiff has failed to demonstrate a need for sensitive financial information of Non-Parties for the past 7 year.

Request 43 to JAB Management and 48 to USA Medical states:

*All files, communications, and documents related to ACH's third party review of the medical care provided to Bilal Hill while he was incarcerated at Phelps County. This includes but is not limited to the communications from Phelps County Jail to ACH requesting the third party review, all documents provided by Phelps County Jail to ACH related to Bilal Hill, and all internal communications, files, and documents between ACH employees or ACH contractors related to the medical care of Bilal Hill.*

These requests embarrass, annoy and oppress these non-parties, which outweighs any likely benefit of this discovery. Federal Rules of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). That is especially true since Plaintiff has requested this information through

numerous discovery requests to Defendant ACH and this Honorable Court has already made several rulings regarding such requests. These requests seek attorney-client privileged information, insurer/insured privileged information, as well as peer-review information, which is now allowable pursuant to Federal Rule of Civil Procedure 45. Privilege logs have previously been produced by Defendant ACH. In an effort to be cooperative, these Non-Parties responded to this request by affirmatively stating that they do not have any additional documentation responsive to these requests that has not already been provided in discovery by Defendant ACH or ruled upon by the Court as privileged.

Request 22 to USA Medical states:

*Any and all documents that relate to claims or lawsuits that assert You or ACH or any doctor or nurse with a contract with You or ACH provided inadequate medical care to inmates during the last ten (10) years.*

This request is vague as to claims, overbroad, unduly burdensome, and irrelevant. Such inquiry as to claims, or for a period of 10 years, is grossly overbroad, unlimited in scope, and would include issues wholly unrelated to Plaintiff's claims herein. Further, this Honorable Court already ruled that Plaintiff was only entitled to a list of lawsuits filed against ACH in the last 5 years, which was provided by Defendant ACH in discovery. Therefore, in an effort to annoy and harass, Plaintiff continues seeking documentation that the Court has already ruled is not allowed.

Request 36 to JAB Management and 40 to USA Medical states:

*Any and all documents, including but not limited to disciplinary records, employment files, communications and/or employment reviews relating to Defendants*

*Kelley and Bentley.*

These requests embarrass, annoy and oppress these non-parties, which outweighs any likely benefit of this discovery. Federal Rules of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). These requests seek confidential and private information, and are irrelevant. In an effort to be cooperative, these Non-Parties responded to this request by affirmatively stating that they do not have any additional documentation responsive to these requests that has not already been provided in discovery by Defendant ACH or ruled upon by the Court as privileged.

<u>Request 37 to JAB Management states:</u>

*Any and all documents related to complaints/grievances about Defendant Kelley and/or Defendant Bentley in any way related to the medical care they provide inmates, including but not limited to Phelps County inmates.*

This request seeks confidential and private information, and is irrelevant. This request is not limited to Bilal Hill and therefore, is completely irrelevant to this action. Further, they seek information about the medical care of other inmates, which would violate HIPAA. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires that a subpoena be quashed or modified when it requires disclosure of privileged or other protected matter, provided that no exception or waiver applies. A subpoena should also be quashed when it subjects a person to an undue burden and expense, and the demand for the discovery is not proportional to its needs, and outweighs its likely benefits. Rules 45(d)(3)(A)(iv) and 26(b)(1) FRCP, *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 742-43 (8th Cir. 2008) citing *Carr v. State Farm Mut. Auto. Ins. Co*., 312 F.R.D. 459, 466 and 468 (N.D. Tex. 2015).

Request 42 to USA Medical and Request 38 to JAB Management states:

> *Any and all documents related to complaints/grievances by Phelps county inmates regarding medical care from your relationship with Phelps County to the present.*

This request seeks vague and overly broad documents based on the lack of a time limit and subject matter. This request is not limited to Bilal Hill and, therefore, is completely irrelevant to this action. Further, it seeks information about the medical care of other inmates, which would violate HIPAA. Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires that a subpoena be quashed or modified when it requires disclosure of privileged or other protected matter, provided that no exception or waiver applies. A subpoena should also be quashed when it subjects a person to an undue burden and expense, and the demand for the discovery is not proportional to its needs, and outweighs its likely benefits. Rules 45(d)(3)(A)(iv) and 26(b)(1) FRCP, *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 742-43 (8th Cir. 2008) citing *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 466 and 468 (N.D. Tex. 2015).

In conclusion, the Federal Rules of Civil Procedure discovery rules were revised for the very purpose of cutting down on scorched-earth discovery tactics. Rule 26(b)(1) makes clear the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality. All of the above-outlined requests by Plaintiff are wholly irrelevant to the issues at stake in this action, and the burden or expense of the discovery outweighs any benefit. The rules no longer broadly permit discovery of "any matter relevant to the subject matter".

WHEREFORE, these Non-Parties jointly request this Honorable Court to partially quash the Subpoenas served upon them and for any further relief this Court deems just

and proper under the circumstances presented herein.

/s/ J. Thaddeus Eckenrode
J. Thaddeus Eckenrode MO Bar No.: 31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Dr. Arthur Bentley, Dionne Kelley, Dr. Travis Schamber, and ACH, and non-parties USA Medical and Psychological Staffing, JAB Management, and Spark Training*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 13th day of April, 2021 to the following:

**Brandon Gutshall**
**Charles Eblen**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108
*Attorneys for Plaintiff*

**Michael G. Berry**
**Brittany Briggs**
NEWMAN COMLEY, P.C.
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
*Attorneys for Defendants Phelps County Sheriff's Department, Phelps County Jail, Richard Lisenbe, Kelly Ratcliff, Unknown Glenn, and Joe Taylor*

/s/ *Joan Monninger*