IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILAL HASANIE HILL,<br><br>  Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL<br>HEALTHCARE, INC., et al.<br><br>  Defendant(s). | )<br>)<br>)<br>)<br>)  Cause No. 4:20-cv-00804-JMB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUGGESTIONS IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE TO DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.**

COMES NOW Defendant, Advanced Correctional Healthcare, Inc., by and through undersigned counsel, and for its Suggestions in Support of its Motion to Quash and/or for Protective Order, states the following:

On or around April 5, 2021, Plaintiff filed a notice to take a videotaped deposition of the corporate designee(s) of Advanced Correctional Healthcare, Inc. pursuant to Federal Rule 30(b)(6). Following Plaintiff's submission of his proposed Rule 30(b)(6) notice, the parties engaged in discussions designed to resolve some of this Defendant's objections and concerns regarding the topic list, and to settle upon a list of topics agreeable to both parties. Although some issues were resolved (see discussion infra), there remain topics about which disputes still exist. The deposition is tentatively scheduled to take place on May 13, 2021. Defendant Advanced Correctional Healthcare, Inc. seeks to limit Plaintiff's Rule 30(b)(6) deposition notice topic list to items or

categories that are not overbroad, that are relevant, proportional, and identified with reasonable particularity pursuant to Federal Rule of Civil Procedure 26 and 30.

This Defendant requests that Plaintiff's Rule 30(b)(6) deposition notice be limited and/or quashed with regard to items #10, #13, #16, #17 and #29. The undersigned certifies that this firm has conferred with plaintiff's counsel via phone and through electronic mail in an effort to come to agreement with regard to the 30(b)(6) notice, and that while agreements were reached as to some of the 29 enumerated topics of inquiry, counsel were unable to fully agree as to the full parameters of this discovery deposition, which is why Defendant Advanced Correctional Healthcare, Inc. seeks this relief.

Argument

First, a party must obtain leave of court if (i) the parties have not stipulated to the deposition and (ii) the deposition would result in more than ten depositions being taken under Rule 30 by the plaintiffs.  Fed. R. Civ. P. 30(a)(2).  Defendant ACH, in an effort to be cooperative, has not objected to the number of depositions that Plaintiff has taken, which is more than double the presumptive limit.

The court may limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; or (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party may only obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The new discovery rules are stricter than the prior discovery rules and provide further limits to discovery.

Here, the information sought in the 30(b)(6) deposition discussed here has all been previously obtained through other discovery efforts, including prior party depositions, Plaintiff's written discovery to all defendants, and Plaintiff's recently filed document subpoenas to three non-party entities.  The burden and expense to Defendant ACH to prepare a witness to respond to Plaintiff's extensive and overbroad 30(b)(6) notice is unnecessary given that Plaintiff has already obtained all of the relevant material and has questioned the named defendants extensively about most of the topics listed in Plaintiff's 30(b)(6) notice.

In addition, a Rule 30(b)(6) notice must describe the areas of inquiry with "reasonably particularity" so that the responding entity can marshal the available facts to respond to the request.  General requests for "all lawsuits" or "any and all" do not identify the topic with "reasonable particularity".  FRCP 30(b)(6) and *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 fn5 (7th Cir. 2000) ("generic" notice of deposition of corporate witness failed "reasonable particularity" requirement); *E3 Biofuels, LLC v. Biothane,* LLC, 2013 WL 4400506, at *2 (D. Neb. Aug. 15, 2013)(citing *Sheehy v. Ridge Tool Co.,* 2007 WL 1548976, *4 (D. Conn. May 24, 2007); *Alexander v. Federal Bureau of Investigation*, 188 F.R.D. 111, 114 (D. D. C. 1998)(notice to take deposition on "any

matters relevant to this case" failed the "reasonable particularity" requirement); *Dapron v. Spire, Inc. Retirement Plans Committee*, 329 F.R.D. 223, 227 (USDC E. D. Mo. 2019) and *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 2013 WL 2946116, *1 (8th Cir. 2013). "A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority." *Dapron*, supra at 227 and *Murphy v. Kmart Corp*, 255 F.R.D. 497, 506 (D.S.D. 2009). "[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000)(emphasis added). See also *Mayberry v. SSM Health Businesses*, 2016 WL 3458164, *2 (E.D. Mo. 2016). To require specifically "each and every" fact and application of law to fact would require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316 at 321 (D. Kan. 1998). Because discovery rules "should be construed to secure the just, speedy, and inexpensive determination of every action, …judges should not hesitate to exercise appropriate control over the discovery process". *Miscellaneous docket Matter No. 1 v. Miscellaneous Docket No. 2*, (8th Cir. 1999)(quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

      A corporation is not required to have counsel "marshal all of its factual proof" and prepare a witness to be able to testify on a given defense or counterclaim. *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651 at 654 (D. Kan. 1996). Plaintiffs are generally not entitled to company-wide discovery unless they show a particular need for the information requested. *Semple v. Fed. Express Corp.,* 566 F.3d 788, 794 (8th Cir.

2009); *and Ingersoll v. Farmland Foods, Inc.*, 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *4 (W. D. Mo. Mar. 28, 2011)(sustaining a defendant's motion for protective order from 30(b)(6) topics and limiting topics by geography to a single facility because evidence of occurrences at other facilities were not relevant to the plaintiff's claims). Witnesses are excused from being required to give legal conclusions. Fed. R. Civ. P. 30(b)(6)("person designated must testify about information.

Here, Plaintiff's listed topics 10 and 29 essentially seek the same thing. Plaintiff's topic #10 seeks "Details regarding all lawsuits against any defendant regarding inadequate medical care, deliberate indifference to serious medical needs, or medical negligence in the past 5 years".  This request is not stated with particularity.  This Defendant lacks the foundation to provide details about lawsuits filed against any defendant besides ACH or its employees.  However, even limiting this request to just ACH, it is still extremely overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case and the request is not sufficiently focused ("details" is vague and overbroad) to allow Defendant ACH to comply.  Even <u>further</u> "limiting" said request to five years still would require a 30(b)(6) witness to spend significant time memorizing "details" about numerous lawsuits.  ACH provides healthcare services to numerous jails in over a dozen states and is constantly the target of pro se incarcerated litigants, and faces numerous lawsuits each year as a routine matter.  This defendant offered Plaintiff, if the subject was limited to five years and as to cases filed in or related to Phelps County, that it would respond.

Plaintiff's topic 29 seeks "any prior actions on your behalf that evince a deliberate indifference to the serious medical needs of other inmates in your custody in the last five

years". This topic also is not stated with particularity. This topic is vague, overbroad, calls for speculation and opinions, and is irrelevant and disproportionate to the issues in this case. This Honorable Court previously ordered that only lawsuits filed against ACH in the last five years need to be disclosed and this Defendant <u>provided a complete list of same in discovery already</u>. This request (#29) is not proportional to the needs of the case and fails to state the request with reasonable particularity. Without waiving this objection, this Defendant advised Plaintiff that there are none. ACH has not been found by any court to have acted with deliberate indifference to any inmate's medical needs, nor has any ACH employee.

      Plaintiff's only agreement with regard to these two topics was that Plaintiff would provide a list of lawsuits about which it wants to inquire of ACH's 30(b)(6) witness, but that list has not yet been produced. The production of such a list, however, will not resolve that lack of reasonable particularity with regard to these topics and the list will not also make the topic relevant. Plaintiff's counsel also stated that he wanted the witness to be familiar with the Complaints and ACH's general position on each case. Any position on a case other than the instant case of Mr. Hill is irrelevant, would be privileged, and would violate HIPAA. A deponent is not required to give testimony or produce documents that are privileged. Fed. R. Civ. P. 30(c). Further, a 30(b)(6) deposition is not an expert deposition and the 30(b)(6) witness does not need to provide expert testimony. *Furminator, Inc. v. Munchkin, Inc.*, 2009 WL 1176285 (E.D. Mo. 2009). "In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means. *JP Morgan Chase Bank v. Liberty Mut.*

*Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002); and see also Fed. R. Civ. P. 30(b)(6)("person designated must testify about information…").

This Defendant also objects to Plaintiff's topic #13, which requests all documents "produced in this case by ACH and all your discovery responses." This Defendant lacks foundation to discuss documents produced by other defendants. Further, this request is not stated with particularity and is vague, overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case as to any documents produced by other defendants and that were not prepared or created by ACH or that have nothing to do with the Phelps County Jail and/or the medical care of Mr. Hill. This Defendant is uncertain as to what Plaintiff expects our witness to know about the <u>thousands</u> of pages produced in litigation. Plaintiff's attorney did indicate a willingness to amend the topic to state, "All documents produced in this case <u>by ACH</u>, your discovery responses and any ACH generated documents produced by other parties." Plaintiff's attorney noted, in the face of Defendant ACH's continued objection, that this topic covers everything Co-defendant Phelps produced in its late December and early January production, all videos ACH produced and the March 29, 2021 production, plus the lengthy document produced by Phelps County as its policies. This topic is completely overbroad and unduly burdensome, and not proportional to the needs of the case. This Defendant is uncertain as to what Plaintiff expects our witness to know about thousands of pages of documents. Rule 30(b)(6) obligates Plaintiff to describe with reasonable particularity the matters for examination for the deposition of ACH's corporate representative. This topic does not meet the reasonable particularity requirement of Rule 30(b)(6). *E3 Biofuels, supra* at 2 and *Lipari*, supra at 6-7 -- General requests for "all lawsuits" or "any and all" do not

identify the topic with "reasonable particularity". FRCP 30(b)(6) and *Kalis,* supra; *Alexander,* supra; *Dapron*, supra; and *CitiMortgage, Inc.*, supra. "A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority." *Dapron*, supra at 227 and *Murphy*, supra.

Topics #16 and #17 request the corporate designee to testify about "all the medical care provided by" Dr. Bentley and Nurse Kelley. Plaintiff agreed to limit these to their care provided to Bilal Hill. However, Plaintiff's limitation to these topics is not sufficient. These topics are still vague, overbroad, duplicative, unduly burdensome, and irrelevant. Further, Dr. Bentley and Nurse Kelley were the appropriate people to answer any such questions and both of those Defendants have now been deposed <u>two</u> times. These topics are not proportional to the needs of the case and fail to state the request with reasonable particularity. Rule 30(b)(6) obligates Plaintiff to describe with reasonable particularity the matters for examination for the deposition of ACH's corporate representative. This topic does not meet the reasonable particularity requirement of Rule 30(b)(6). *E3 Biofuels, supra* at 2 and *Lipari*, supra at 6-7. Further, a 30(b)(6) deposition is not an expert deposition and the 30(b)(6) witness does not need to provide expert testimony. *Furminator, Inc. v. Munchkin, Inc.*, 2009 WL 1176285 (E.D. Mo. 2009). "In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means. *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

Rule 26(b)(1) FRCP makes clear the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality. None of the

above-outlined requests by Plaintiff are important to the issues at stake in this action, and the burden or expense of the discovery outweighs any benefit.  The rules no longer broadly permit discovery of "any matter relevant to the subject matter".

The Court should quash any deposition notice that fails to comply with Rule 30, including the particularity requirement of 30(b)(6).  The court may also make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  Such orders may include the total prohibition of certain discovery or limiting the scope of discovery to certain matters. Id. (citing Fed. R. Civ. P. 26(c)(1) and (4)).

WHEREFORE, Defendant Advanced Correctional Healthcare, Inc. requests that this Honorable Court grant its Motion to Quash Plaintiff's Rule 30(b)(6) deposition in its entirety, and/or for a Protective Order limiting inquiry during the deposition pursuant to Rule 30(b)(6) as outlined above, and for all other relief that this Court deems just and proper.

/s/ Lisa Howe
J. Thaddeus Eckenrode MO Bar No.:  31080
Lisa Howe:  MO Bar No.:  45072
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Dr. Arthur Bentley, Dionne Kelley, Dr. Travis Schamber, and ACH*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 29th day of April, 2021 to the following:

**Brandon Gutshall**
**Charles Eblen**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108
*Attorneys for Plaintiff*

**Michael G. Berry**
**Brittany Briggs**
NEWMAN COMLEY, P.C.
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
*Attorneys for Defendants Phelps County Sheriff's Department, Phelps County Jail, Richard Lisenbe, Kelly Ratcliff, Unknown Glenn, and Joe Taylor*

                                                /s/ Joan Monninger