IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LADY MAAKIA CHARLENE SMITH, personal representative of the Estate of BILAL HASANIE HILL, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No.: 4:20-CV-00804-JMB |
| | ) | JURY TRIAL DEMANDED |
| ADVANCED CORRECTIONAL HEALTHCARE, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFF LADY SMITH'S MOTION TO COMPEL DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE'S FINANCIAL DOCUMENTS**

In less than three months, Plaintiff will proceed to trial with a punitive damages claim against Advanced Correctional Healthcare ("ACH") under Missouri tort law. There is no dispute that the financial condition of a corporation is relevant to a punitive-damages claim in Missouri:

> It is well settled that when a plaintiff seeks punitive damages against a defendant, evidence of the defendant's financial status is both relevant and admissible. *State ex rel. Kubatzky v. Holt,* 483 S.W.2d 799, 804 (Mo.App.1972). Discovery of past financial information is often helpful in determining a party's present financial status. *State ex rel. Ford v. Adolf,* 724 S.W.2d 612, 615 (Mo.App.1986). A plaintiff seeking discovery of financial information in support of a punitive damage claim should be afforded an adequate opportunity to examine those materials prior to trial. *Kubatzky,* 483 S.W.2d at 805.

*State ex rel. Helt v. O'Malley Eyeglasses*, 53 S.W.3d 623, 624 (Mo. App. W.D. 2001).

But ACH contends that Plaintiff is not entitled to any discovery regarding ACH's financial condition unless and until she proves entitlement to punitive damages before a jury. At that point, ostensibly, Plaintiff's counsel would receive a stack of financial documents and gun-sling it into

the punitive-damages phase of a bifurcated trial (or burden the jurors by excusing them only to come back later after the parties conducted additional discovery between phases).

Fortunately that is not the law. Indeed, courts within this District have steadfastly rejected ACH's contention that, under Missouri statutory law, a plaintiff cannot discover information about ACH's financial condition until proving the merits of her punitive damage claim.[1] To the contrary: "Under this Court's precedent, 'a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages.'" *Montoya v. Sloan Valve Co.*, Case No. 4:20-cv-01108-AGF, 2021 WL 5865371, *1 (E.D. Mo. Dec. 10, 2021)(rejecting argument that, in federal court, Mo. Rev. Stat. § 510.263.8 required plaintiff to demonstrate legal entitlement to punitive damages before obtaining financial information in discovery). **Ex. A.** And the *Montoya* opinion catalogued five other opinions in this District reaching the same conclusion: where a plaintiff in federal court pleads a claim for punitive damages under Missouri law, the defendant's financial records are discoverable. *Id.* (citing *Macon Elec. Coop. v. Wooldridge*, 2:18-CV-109-CDP, 2020, WL 11270009, at *1 (E.D. Mo. Apr. 6, 2020); *Christian v. Frank Bommarito Oldsmobile, Inc.*, 4:08-CV-1423-JCH, 2009 WL 1405459, at *2 (E.D. Mo. May 18, 2009); *Doe v. Young*, 4:08-CV-197-TIA, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009); *Wells v. Farmers All. Mut. Ins. Co.*, 2:07-CV-00036-ERW, 2009 WL 367404, at *1 (E.D. Mo. Feb. 11, 2009);

[1] Additionally, federal law, not a Missouri state statue, will govern whether the Court bifurcates trial. "The issue of separate trials is one of procedural law, not substantive law; therefore Missouri statutes are not relevant in this matter." *Spurlock v. Nordyne, Inc*., 91-1336C(5), 1992 WL 330206 (E.D. Mo. Jan. 29, 1992). Indeed, Rule 42 of Federal Rules of Civil Procedure, not Mo. Rev. Stat. § 510.263, governs whether to bifurcate cases involving claims for punitive damages. *EEOC v. HBE Corp*., 135 F.3d 543, 551 (8th Cir. 2012). Thus, whether to bifurcate trial is not before the Court and Plaintiff reserves her right to oppose such a request if ACH seeks bifurcation.

*Kilburn v. Autosport Acquisitions, LLC*, 1:20 CV 211-ACL, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021)).[2]

This authority also demonstrates that—contrary to ACH's suggestions at yesterday's conference—Plaintiff's discovery of ACH's financial status should not be limited to a single snapshot of ACH's net worth. For instance, in *Wells v. Farmers*, the court compelled responses to "Plaintiff's First Production Requests 18, 19, 20, 21, and 22," which sought 5 years of tax returns, profit and loss statements, balance sheets, shareholder reports, and SEC disclosures. *Wells*, 2009 WL 367404, at *1; **Ex. B** (contains the discovery requests attached to plaintiff's motion to compel). Additionally, the *Montoya* court also appears to have compelled broad "financial discovery" (access to the actual discovery compelled is not accessible because it was filed under seal). *Montoya*, 2021 WL 5865371, at *1.

Similarly, in *Christian v. Frank Bommarito Oldsmobile, Inc.*, the plaintiff sought "corporate tax returns, and schedules, Balance sheet, Earning statements, Sales, Profit and loss statements, and income statements for the prior five (5) years." 2009 WL 1405459, at *2. After holding that this information was discoverable, the court agreed with defendants that the request was overbroad and required defendant to produce such records for 2 years and 5 months (January 2007 to the opinion dated May 18, 2009). *Id*. at *2-3; *accord Macon Elec. Coop. v. Wooldridge*, WL 11270009, at *1 (compelling 2 years of financial records).[3]

[2] Because Plaintiff has already established at summary judgment triable issues of fact relating to her deliberate indifference claim against ACH's employees (which requires a high standard of proof) Plaintiff believes the evidence likewise demonstrates entitlement to punitive damages. Nonetheless, because the law in this District clearly entitles Plaintiff to financial discovery irrespective of the strength of her punitive damages evidence, Plaintiff will not rehash the extensive evidence and law proffered at summary judgment.

[3] *Doe v. Young* appears to have compelled the narrowest set of financial documents, requiring two years of records of assets and liabilities. 4:08-CV-197-TIA, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009).

Here, under Rule 26 and *Wells*, it is imminently reasonable for the Court to compel five years of the most common (and readily available) financial statements—income statements; cash flow statements; statements of changes in equity; and balance sheets.[4] While Plaintiff's original discovery requests were significantly broader, Plaintiff concedes that limiting them consistent with the discretion other courts within this District have exercised is appropriate here. **Exs. C and D.** (Plaintiff's RFPDs to ACH and Responses). A review of the above financial documents will allow Plaintiff to obtain an understanding of ACH's financial condition, as the cited cases entitle her to do. Finally, after sufficient time to review the documents, Plaintiff requests a corporate representative deposition limited to questions related to ACH's financial condition and whatever records this Court compels.

## **CONCLUSION**

The Court should grant Plaintiff's motion and require ACH to produce the financial records listed above for the past five years. The Court should also afford Plaintiff the opportunity to question an ACH corporate representative about the financial statements.[5]

[4] Unlike *Wells*, Plaintiff does not seek ACH's tax returns. Moreover, while at the February 17, 2022, status conference Plaintiff requested 7 years of financial records, she is willing to limit her request to 5 years going back from May 2022.

[5] At the February 17, 2022 status conference, Plaintiff's counsel suggested that he may seek unredacted copies of documents describing average cost per day per inmate at Phelps County over a period of time. Upon further reflection, Plaintiff has decided not to pursue this request.

Date: February 18, 2022

Respectfully Submitted

*/s/ Charles C. Eblen*

Charles C. Eblen, #55166
Brandon K. Gutshall, #61848MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
ceblen@shb.com
bgutshall@shb.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

COMES NOW Plaintiff, by and through undersign counsel, and certifies that they served an original copy of **PLAINTIFF LADY SMITH'S MOTION TO COMPEL FINANCIAL DOCUMENTS** by delivering the same along with a copy of this Certificate of Service via Electronic Mail, this 18th day of February 2022, to the following counsel of record:

Michael G. Berry
Brittany Briggs
NEWMAN COMLEY PC
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
Telephone: 573-634-2266
michaelberry@ncrpc.com
briggsb@ncrpc.com

**ATTORNEY FOR DEFENDANTS PHELPS COUNTY SHERIFF'S DEPARTMENT; PHELPS COUNTY JAIL; SHERIFF RICHARD L. LISENBE; KELLY RATCLIFF; SERGEANT GLENN; AND LIEUTENANT JOE TAYLOR**

J. Thaddeus Eckenrode
Lisa H. Howe
ECKENRODE MAUPIN
11477 Olde Cabin Rd.
Suite 110
St. Louis, MO 63141
314-726-6670
Fax: 314-726-2106
jte@eckenrode-law.com
lhh@eckenrode-law.com

**ATTORNEY FOR DEFENDANTS DR. ARTHUR BENTLEY, DIONNE KELLEY, ADVANCED CORRECTIONAL HEALTHCARE, INC., AND DR. TRAVIS SCHAMBER**

*/s/ Charles C. Eblen*
Charles C. Eblen