# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | | |
|---|---|---|
| BILAL HASANIE HILL,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL HEALTHCARE, INC.; PHELPS COUNTY SHERIFF'S DEPARTMENT; PHELPS COUNTY JAIL; SHERIFF RICHARD L. LISENBE, Individually and in His Official Capacity as Sheriff of Phelps County; DR. ARTHUR BENTLEY, Individually and in His Official Capacity as a Medical Services Provider at Phelps County; DIONNE KELLEY; KELLY RATCLIFF, SERGEANT GLENN; LIEUTENANT JOE TAYLOR; DOES 1-15,<br><br>Defendants. | ) | Case No. 4:20-CV-00804-JMB |

**PLAINTIFF BILAL HASANIE HILL'S FIRST REQUESTS FOR PRODUCTION <u>DIRECTED TO DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.</u>**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Bilal Hasanie Hill ("Bilal Hill"), by and through his undersigned attorneys, requests that Defendant Advanced Correctional Healthcare, Inc., in Its Official Capacity as the Medical Services Provider at Phelps County, produce and permit inspection, sampling, testing or copying of the following documents and things within thirty (30) days of service of these requests for production of documents.

**<u>INSTRUCTIONS AND DEFINITIONS</u>**

1. These Requests shall be construed as continuing. You shall promptly supplement your response to these Requests whenever any other responsive document not previously produced becomes known to you. *See* FRCP 26(e)(1).

2. "You," "your," or "Defendant" as used in these Requests is meant to refer to Defendant Advanced Correctional Healthcare, Inc., Defendant's attorneys, representatives, agents, and investigators; and all other persons and entities working on Defendant's behalf in this lawsuit and shall include any alias, nickname, or other name by which Defendant may have been known at any time.

3. "Document" or "documents" as used herein shall mean all written, records, or graphic material of any kind, whether prepared by Defendant or any other person or entity, including, without limitations, all writings (including, but not limited to, papers, notes, memoranda, reports correspondence, letters, electronic mail ("e-mail"), telegrams, tape recordings, statements, invoices, agreements, contracts, working papers, minutes, personal diaries, calendars, and appointment books), drawings, graphs, charts, photographs, pictures, magnetic tapes, discs, microfilm, movies, videotapes, phone records, electronic data, any and all records (including video and audio records); any other data compilations from which information can be obtained by Defendant or translated, if necessary, through detection devices into a reasonably usable form; and other material or information within the scope of FRCP Rule 26. Every draft or non-identical copy of a document is a separate document as defined herein.

4. "Communications" as used herein shall mean the imparting or exchange of information including, but not limited to, in writing, orally, or electronically.

5. "Phelps County" as used herein shall mean the Phelps County, Missouri Jail and the City of Phelps County, Missouri.

6. "Relating to" or "relate to" shall mean concerning, pertaining to, involving, discussing, describing, referring to, mentioning, demonstrating, illustrating, or providing evidence thereof.

7. In providing the documents called for by these Requests, you are requested to produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

8. Documents that cannot be legibly copied should be produced in their original form.

9. These Requests are intended to cover all documents in your possession or subject to your custody and control, whether directly or indirectly.

10. Any document as to which you claim privilege or exemption from discovery shall be included on a privilege log and be identified by date, author, description, and general subject matter, or sufficient specificity to permit the Court to determine the validity of the claim of privilege, work product, or other exemption, with a statement of the ground for privilege or exemption from discovery.

11. All designated documents are to be taken as including all attachments and enclosures. If any portion of a document is responsive to a Request, the entire document should be produced. If documents responsive to a Request are normally kept in a file or other folder, also produce that file or folder.

12. Under Federal Rule of Civil Procedure 34, you must admit, specifically deny, or state in detail why you cannot truthfully admit or deny each of the following requests based on knowledge and information in your possession, custody or control, or in the possession, custody or control of your representatives, agents, or attorneys.

13. The requests for admission are continuing in nature. If you receive or otherwise become aware of information that would change your answer to any of these requests for admission after you have served your response, you must comply with Federal Rules of Civil Procedure 26(e) by promptly supplementing your answers or filing the appropriate motion.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all contracts between You and Defendant Phelps County and/or any official working on Phelps County's behalf including, but not limited to, contracts to provide medical services to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all contracts between You and Defendant Dr. Arthur Bentley including, but not limited to, any contracts to provide medical services to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all contracts between You and Defendant Nurse Dionne Kelley including, but not limited to, any contracts to provide medical services to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, including but not limited to communications between You and anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Dionne Kelley, and Lieutenant Joe Taylor, that in any way relates to the medical care provided to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents, including but not limited to communications between You and anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Dionne Kelley, and Lieutenant Joe Taylor, that in any way relates to the medical care provided to Bilal Hill.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all advertising and marketing materials provided, or otherwise made available, to anyone at Phelps County from one year before You signed a contract with Phelps County up and until the present date.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents, including advertising and marketing materials, which You have provided to potential clients in the United States from September 18, 2019 up and until the present date.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents that relate to or contain the name Bilal Hill.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents that relate to or contain the name Dr. Arthur Bentley.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents that relate to or contain the name Nurse Dionne Kelley.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents that relate to Your financial history, including but not limited to, securities accounts, bank accounts, loans, and credit card statements, for the past ten (10) years.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all financial documents, including but not limited to billing records, receipts, and account summaries, that relate to your contract with Phelps County.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents that identify the anticipated and actual cost of providing medical services to each inmate at Phelps County since You entered into a contract with Phelps County to provide medical services to its inmates up and until the present date.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents that identify or describe the cost of providing medical services to Bilal Hill from the time he was housed at Phelps County up and until the present day.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents that identify or describe the average cost of providing medical services to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents that identify or describe the maximum amount of money and resources that You can spend on medical services for each Phelps County inmate and the Phelps County inmates as a whole to meet your profit and/or financial goals for the last ten (10) fiscal years.

**REQUEST FOR PRODUCTION NO. 17:**

All photographs and videotapes of Bilal Hill, including, but not limited to, those that show him prior and subsequent to the onset of the alleged injuries or conditions which form the basis of the Complaint and for which Bilal Hill seeks damages.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents that relate to Your Doctor Review Board and/or any board, committee, or organization that reviews the medical care provided to the Inmates at Phelps County Jail including, but not limited to, Bilal Hill.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations that were sent to Jennifer Nolawski and/or Dr. Travis Schamber prior to him and/or her conducting a review of the medical care provided to Bilal Hill at the Phelps County jail.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations, that Jennifer Nolawski and/or Dr. Travis Schamber analyzed to conduct a review of the medical care provided to Bilal Hill at the Phelps County jail.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents that support or that You rely upon to contend that Bilal Hill received objectively reasonable medical care.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents that relate to claims or lawsuits that assert You or any doctor or nurse with a contract with You provided inadequate medical care to inmates during the last ten (10) years.

**REQUEST FOR PRODUCTION NO. 23**:

Any and all documents that describe the policies, procedures, methods, and/or standards that govern or in any way relate to the process by which You review the care provided to inmates at the Phelps County jail.

**REQUEST FOR PRODUCTION NO. 24**:

Any policies or procedures that relate to the independent or third party review of the care of inmates at Phelps County jail.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all training materials, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, and any other documents that in any way describe, relate, outline, and/or govern the medical care that was to be provided to inmates at Phelps County.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all training materials, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, and any other documents that in any way describe, relate, outline, and/or govern the medical care that was to be provided to inmates at Phelps County and were provided to Phelps County, Dr. Arthur Bentley, Nurse Dionne Kelley, Lieutenant Joe Taylor, or any correctional officers employed by Phelps County.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all indemnification and or relief from liability agreements between You and Phelps County, Defendant Dr. Bentley, and Defendant Nurse Dionne Kelly.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all insurance or malpractice agreements between You and an insurance company, Defendant Dr. Bentley, and Defendant Nurse Dionne Kelly.

Date: September 18, 2020

Respectfully Submitted

*/s/ Charles C. Eblen*

Charles C. Eblen, #55166
Brandon K. Gutshall, #61848MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
ceblen@shb.com
bgutshall@shb.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Charles C. Eblen, an attorney, hereby certify that on **September 18, 2020**, I caused a true and correct copy of the foregoing **PLAINTIFF BILAL HASANIE HILL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.** to be served via Electronic Mail upon the following counsel of record:

John Terry Brooks
Michael G. Berry
NEWMAN COMLEY PC
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
Telephone: 573-634-2266
brooksj@ncrpc.com
michaelberry@ncrpc.com

**ATTORNEY FOR DEFENDANTS PHELPS COUNTY SHERIFF'S DEPARTMENT; PHELPS COUNTY JAIL; SHERIFF RICHARD L. LISENBE; KELLY RATCLIFF; SERGEANT GLENN; AND LIEUTENANT JOE TAYLOR**

J. Thaddeus Eckenrode
Lisa Howe
ECKENRODE MAUPIN
11477 Olde Cabin Rd.
Suite 110
St. Louis, MO 63141
314-726-6670
Fax: 314-726-2106
jte@eckenrode-law.com
lhh@eckenrode-law.com
**ATTORNEY FOR DEFENDANTS DR. ARTHUR BENTLEY, DIONNE KELLEY, AND ADVANCED CORRECTIONAL HEALTHCARE, INC.**

*/s/ Charles C. Eblen*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILAL HASANIE HILL,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL HEALTHCARE, INC., et al.<br><br>Defendant(s). | ) | Cause No. 4:20-cv-00804-JMB |

**<u>DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION</u>**

COMES NOW Defendant, Advanced Correctional Healthcare, Inc., and submits the following objections to Plaintiff's Request for Production:

1. Any and all contracts between You and Defendant Phelps County and/or any official working on Phelps County's behalf including, but not limited to, contracts to provide medical services to inmates at Phelps County.

**<u>RESPONSE</u>: Objection – overbroad and irrelevant as to any contracts that were not in existence at the time of the allegations in Plaintiff's Complaint. Subject to said objections, please see attached, marked as Exhibit A.**

2. Any and all contracts between You and Defendant Dr. Arthur Bentley including, but not limited to, any contracts to provide medical services to inmates at Phelps County.

**<u>RESPONSE</u>: Objection – overbroad and irrelevant as to any contracts that were not in existence at the time of the allegations in Plaintiff's Complaint. Subject to said objections, please see attached**

**offer letter and employee confidentiality agreement, marked as Exhibit B.**

3. Any and all contracts between You and Defendant Nurse Dionne Kelley including, but not limited to, any contracts to provide medical services to inmates at Phelps County.

**RESPONSE: Objection – overbroad and irrelevant as to any contracts that were not in existence at the time of the allegations in Plaintiff's Complaint. Subject to said objections, see attached offer letter, marked as Exhibit C.**

4. Any and all documents, including but not limited to communications between You and anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Dionne Kelley, and Lieutenant Joe Taylor, that in any way relates to the medical care provided to inmates at Phelps County.

**RESPONSE: Objection – vague, and overbroad as to timing and subject matter, and unduly burdensome and irrelevant as to any inmate other than Plaintiff.**

5. Any and all documents, including but not limited to communications between You and anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Dionne Kelley, and Lieutenant Joe Taylor, that in any way relates to the medical care provided by Bilal Hill.

**RESPONSE: Objection – seeks attorney-client privilege and insurer/insured privileged information. Subject to said objections, none, other than what is contained in the medical records.**

6. Any and all advertising and marketing materials provided, or otherwise made available, to anyone at Phelps County from one year before You signed a contract with Phelps County up and until the present date.

**RESPONSE: These Defendants do not currently have any such documentation.**

7. Any and all documents, including advertising and marketing materials, which You have provided to potential clients in the United States from September 18, 2019 up and until the present date.

**<u>RESPONSE</u>: Objection – vague and overbroad as to subject matter and unduly burdensome and irrelevant.**

8. Any and all documents that relate to or contain the name Bilal Hill.

**<u>RESPONSE</u>: Objection -- seeks attorney-client privilege and insurer/insured privileged information. Subject to said objections, none, other than what is contained in the medical records.**

9. Any and all documents that relate to or contain the name Dr. Arthur Bentley.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad, unduly burdensome, irrelevant, seeks work-product and attorney-client privileged information.**

10. Any and all documents that relate to or contain the name Nurse Dionne Kelley.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad, unduly burdensome, irrelevant, seeks work-product and attorney-client privileged information.**

11. Any and all documents that relate to Your financial history, including but not limited to, securities accounts, bank accounts, loans, and credit card statements, for the past ten (10) years.

**<u>RESPONSE</u>: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this**

**discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit. Providing such information would be harmful ACH because such information could serve to benefit ACH's competitors. Thus, any marginal relevance of such documents is far outweighed by the harm that may result to the welfare of ACH's corporate existence. Further, it would require this Defendant to conduct research, which is not required via the Federal Rules of Civil Procedure. The documents requested by Plaintiff go far beyond an attempt to ascertain ACH's net worth and financial condition. Not only is such a request entirely overbroad, it also constitutes a significant expense. Disclosure of financial information should not be made until such time as Plaintiff makes a submissible case for punitive damages, and the requests are sufficiently tailored to the needs of litigation. *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423 at *3 (Mo. App. E.D. 2009).**

12. Any and all financial documents, including but not limited to billing records, receipts, and account summaries, that relate to your contract with Phelps County.

**<u>RESPONSE</u>: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit. Providing such information would be harmful ACH because such information could serve to benefit ACH's competitors. Thus, any marginal**

**relevance of such documents is far outweighed by the harm that may result to the welfare of ACH's corporate existence. Further, it would require this Defendant to conduct research, which is not required via the Federal Rules of Civil Procedure. The documents requested by Plaintiff go far beyond an attempt to ascertain ACH's net worth and financial condition. Not only is such a request entirely overbroad, it also constitutes a significant expense. Disclosure of financial information should not be made until such time as Plaintiff makes a submissible case for punitive damages, and the requests are sufficiently tailored to the needs of litigation. *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423 at *3 (Mo. App. E.D. 2009).**

13. Any and all documents that identify the anticipated and actual cost of providing medical services to each inmate at Phelps County since You entered into a contract with Phelps County to provide medical services to its inmates up and until the present date.

**RESPONSE: This Defendant has no documents responsive to this request.**

14. Any and all documents that identify or describe the cost of providing medical services to Bilal Hill from the time he was housed at Phelps County up and until the present day.

**RESPONSE: Objection – irrelevant as to subject matter. Subject to said objection, this Defendant has no documents responsive to this request.**

15. Any and all documents that identify or describe the average cost of providing medical services to inmates at Phelps County.

**RESPONSE: This Defendant has no documents responsive to this request.**

16. Any and all documents that identify or describe the maximum amount of money and resources that You can spend on medical services for each Phelps County inmate and the Phelps County inmates as a whole to meet your profit and/or financial

goals for the last ten (10) fiscal years.

**<u>RESPONSE</u>: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit. Providing such information would be harmful ACH because such information could serve to benefit ACH's competitors. Thus, any marginal relevance of such documents is far outweighed by the harm that may result to the welfare of ACH's corporate existence. Further, it would require this Defendant to conduct research, which is not required via the Federal Rules of Civil Procedure. The documents requested by Plaintiff go far beyond an attempt to ascertain ACH's net worth and financial condition. Not only is such a request entirely overbroad, it also constitutes a significant expense. Disclosure of financial information should not be made until such time as Plaintiff makes a submissible case for punitive damages, and the requests are sufficiently tailored to the needs of litigation. *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423 at *3 (Mo. App. E.D. 2009).**

17. All photographs and videotapes of Bilal Hill, including, but no limited to, those that show him prior and subsequent to the onset of the alleged injuries or conditions which forms the basis of the Complaint and for which Bilal Hill seeks damages.

**<u>RESPONSE</u>: None, other than what may be contained in the medical records.**

18. Any and all documents that relate to Your Doctor Review Board and/or any board, committee, or organization that reviews the medical care provided to the

Inmates at Phelps County Jail including, but not limited to, Bilal Hill.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad and irrelevant. Further, seeks attorney-client privileged information, as well as peer review information.**

19. Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations that were sent to Jennifer Nolawski and/or Dr. Travis Schamber prior to him and/or her conducting a review of the medical care provided to Bilal Hill at the Phelps County Jail.

**<u>RESPONSE</u>: Objection – attorney-client privileged information and/or insured/insurer privileged information as well as privileged peer-review.**

20. Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations, that Jennifer Nolawski and/or Dr. Travis Schamber analyzed to conduct a review of the medical care provided to Bilal Hill at the Phelps County jail.

**<u>RESPONSE</u>: Medical records.**

21. Any and all documents that support or that Your rely upon to contend that Bilal Hill received objectively reasonable medical care.

**<u>RESPONSE</u>: Objection – Vague, overbroad, and unduly burdensome. Seeks attorney-client and insurer/insured privileged information, as well as work-product. Subject to said objections, this Defendant relies upon the Phelps County Jail medical records.**

22. Any and all documents that relate to claims or lawsuits that assert You or any doctor or nurse with a contract with You provided inadequate medical care to inmates during the last ten (10) years.

**<u>RESPONSE</u>: Objection – vague, overbroad, unduly burdensome, irrelevant,**

**premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit.**

23. Any and all documents that describe the policies, procedures, methods, and/or standards that govern or in any way relate to the process by which You review the care provided to inmates at Phelps County jail.

**RESPONSE: Objection – vague as to time and subject matter, irrelevant and seeks attorney/client privileged information, insured/insurer privileged information, and privileged peer-review.**

24. Any policies or procedures that relate to the independent or third-party review of the care of inmate at Phelps County jail.

**RESPONSE: This Defendant has no such documentation.**

25. Any and all training manuals, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, and any other documents that in any way describe, relate, outline, and/or govern the medical care that was to be provided to inmates at Phelps County.

**RESPONSE: Objection – vague as to time and subject matter, overbroad, unduly burdensome, and irrelevant. Subject to said objections, This Defendant does not have any documents responsive to this request.**

26. Any and all training materials, manuals, protocols, scripts, guidelines, complaints, policies, policy manuals, and any other documents that in anyway describe, relate, outline and/or govern the medical care that was to be provided to inmates at Phelps County and were provided to Phelps County, Dr. Arthur Bentley, Nurse Dionne Kelley, Lieutenant Joe Taylor, or any correctional officers employed by Phelps County.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad, unduly burdensome, and irrelevant. Subject to said objections, see Exhibits D and E, which are documents responsive to this request as they relate to Dr. Bentley or Nurse Kelley.**

27. Any and all indemnification and or relief from liability agreements between You and Phelps County, Defendant Dr. Bentley, and Defendant Nurse Dionne Kelly.

**<u>RESPONSE</u>: None, other than what may be documented in Exhibit A.**

28. Any and all insurance or malpractice agreements between You and an insurance company, Defendant Dr. Bentley, and Defendant Nurse Dionne Kelly.

**<u>RESPONSE</u>: See Exhibit F, attached.**

*<u>/s/ J. Thaddeus Eckenrode</u>*
J. Thaddeus Eckenrode MO Bar No.: 31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants ACH, Dr. Arthur Bentley and Dionne Kelley*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 15th day of October, 2020 to the following:

**Brandon Gutshall**
**Charles Eblen**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108
*Attorneys for Plaintiff*

**John Terry Brooks**
**Michael G. Berry**
NEWMAN COMLEY, P.C.
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
*Attorneys for Defendants Phelps County Sheriff's Department, Phelps County Jail, Richard Lisenbe, Kelly Ratcliff, Unknown Glenn, and Joe Taylor*

*/s/ Libby Cozzoni*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILAL HASANIE HILL,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL HEALTHCARE, INC., et al.<br><br>Defendant(s). | ) | Cause No. 4:20-cv-00804-JMB |

**DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR REQUEST FOR PRODUCTION**

COMES NOW Defendant, Advanced Correctional Healthcare, Inc., and submits the following objections to Plaintiff's Request for Production:

2. Any and all contracts between You and Defendant Dr. Arthur Bentley including, but not limited to, any contracts to provide medical services to inmates at Phelps County.

**RESPONSE: Objection – overbroad and irrelevant as to any contracts that were not in existence at the time of the allegations in Plaintiff's Complaint. Subject to said objections, please see attached offer letter and employee confidentiality agreement, marked as Exhibit B.**

**SUPPLEMENTAL RESPONSE: Subject to the previously stated objections, this Defendant produces herewith the job description of physicians, which is marked as Exhibit A.**

3. Any and all contracts between You and Defendant Nurse Dionne Kelley including, but not limited to, any contracts to provide medical services to inmates at

Phelps County.

**<u>RESPONSE</u>: Objection – overbroad and irrelevant as to any contracts that were not in existence at the time of the allegations in Plaintiff's Complaint. Subject to said objections, see attached offer letter, marked as Exhibit C.**

**<u>SUPPLEMENTAL RESPONSE:</u> Subject to the previously stated objections, this Defendant produces herewith the job description of nurses, which is marked as Exhibit B.**

5. Any and all documents, including but not limited to communications between You and anyone at Phelps County, Defendant Dr. Arthur Bentley, Defendant Nurse Dionne Kelley, and Lieutenant Joe Taylor, that in any way relates to the medical care provided by Bilal Hill.

**<u>RESPONSE</u>: Objection – seeks attorney-client privilege and insurer/insured privileged information. Subject to said objections, none, other than what is contained in the medical records.**

**<u>SUPPLEMENTAL RESPONSE:</u> Objection – seeks attorney-client privilege and insurer/insured privileged information. Subject to said objections, none, other than what is contained in the medical records or jail records already produced by co-defendants' (Phelps, et al.) attorney.**

**<u>Privilege Log:</u> Internal attorney memorandums prepared by counsel or counsel's employees, all correspondence and communications between counsel and client (ACH) and ACH employees. Attorney-client privileged communication that involves legal advice for the primary purpose of defending this/any litigation. Also, mental impressions of attorneys from ACH and their employees, for or in anticipation of litigation or trial, and/or at the direction of J. Thaddeus Eckenrode in preparation for this particular litigation or trial. E-mail messages and/or letters or communications exchanged with Tad Eckenrode, or his office, and attorneys for Western Litigation, ACH and/or U.S. Ironshore, clients in this case. Communications between Tad Eckenrode and/or his office, Saif Mohammed and/or Jessica Young, and/or Peter Jennetten (all attorneys for ACH), and any ACH employee. E-mail messages, letters, or summaries of meetings with any of ACH's employees and Tad Eckenrode, or his office, as those are attorney-client privileged communication that involves legal advice and was for the primary purpose of litigation. Contains mental impressions of attorneys for ACH and their employees, for or in anticipation of litigation or trial, and/or at the direction of J. Thaddeus Eckenrode in preparation for this particular litigation or trial. Communications between undersigned counsel and/or his office with employees of**

**ACH, or experts and/or consultants and summaries of those communications.**

9. Any and all documents that relate to or contain the name Dr. Arthur Bentley.

**RESPONSE: Objection – vague as to time and subject matter, overbroad, unduly burdensome, irrelevant, seeks work-product and attorney-client privileged information.**

**PRIVILEGE LOG: As referenced below, counsel means undersigned counsel, and his office, and/or Saif Mohammed, Jessica Young and/or Peter Jennetten.**

Attorney-client privileged and work-product documents:

a. Summaries of interviews with ACH or ACH employees prepared by undersigned counsel or undersigned counsel's employees.

b. internal attorney memorandums prepared by counsel or counsel's employees.

c. internal e-mails exchanged by undersigned counsel and/or counsel's employees.

d. All correspondence and communications between counsel and client (ACH) and ACH employees.

e. Summaries of statements of witnesses prepared by counsel.

f. Communications between undersigned counsel and his experts and/or consultants and summaries of those communications.

g. Legal research memorandums prepared by undersigned counsel and/or undersigned counsel's employees.

h. Medical research and summaries thereof prepared by counsel and/or undersigned counsel's employees.

i. Summaries of medical records prepared by counsel and/or undersigned counsel's employees.

j. Summaries of investigation by counsel and/or undersigned counsel's employees.

10. Any and all documents that relate to or contain the name Nurse Dionne Kelley.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad, unduly burdensome, irrelevant, seeks work-product and attorney-client privileged information.**

**<u>SUPPLEMENTAL RESPONSE:</u> See privilege log for #9 above.**

16. Any and all documents that identify or describe the maximum amount of money and resources that You can spend on medical services for each Phelps County inmate and the Phelps County inmates as a whole to meet your profit and/or financial goals for the last ten (10) fiscal years.

**<u>RESPONSE</u>: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit. Providing such information would be harmful ACH because such information could serve to benefit ACH's competitors. Thus, any marginal relevance of such documents is far outweighed by the harm that may result to the welfare of ACH's corporate existence. Further, it would require this Defendant to conduct research, which is not required via the Federal Rules of Civil Procedure. The documents requested by Plaintiff go far beyond an attempt to ascertain ACH's net worth and financial condition. Not only is such a request entirely overbroad, it also constitutes a significant expense. Disclosure of financial information should not be made until such time as Plaintiff makes a submissible case for punitive damages, and the requests are**

**sufficiently tailored to the needs of litigation. *Christian v. Frank Bommarito Oldsmobile, Inc.*, 2009 WL 1657423 at *3 (Mo. App. E.D. 2009).**

**<u>SUPPLEMENTAL RESPONSE:</u> This Defendant does not have any documents responsive to this request.**

18. Any and all documents that relate to Your Doctor Review Board and/or any board, committee, or organization that reviews the medical care provided to the Inmates at Phelps County Jail including, but not limited to, Bilal Hill.

**<u>RESPONSE</u>: Objection – vague as to time and subject matter, overbroad and irrelevant. Further, seeks attorney-client privileged information, as well as peer review information.**

**<u>PRIVILEGE LOG:</u> As referenced below, counsel means undersigned counsel, and his office, and/or Saif Mohammed, Jessica Young, and/or Peter Jennetten.**

<u>Attorney-client privileged and peer-review documents:</u>

a. Summaries of interviews with ACH or ACH employees prepared by undersigned counsel or undersigned counsel's employees.

b. internal attorney memorandums prepared by counsel or counsel's employees.

c. internal e-mails exchanged by undersigned counsel and/or counsel's employees.

d. All correspondence and communications between counsel and client (ACH) and ACH employees.

e. Summaries of statements of witnesses prepared by counsel.

f. Communications between undersigned counsel and his experts and/or consultants and summaries of those communications.

g. Legal research memorandums prepared by undersigned counsel and/or undersigned counsel's employees.

h. Medical research and summaries thereof prepared by counsel and/or undersigned counsel's employees.

i. Summaries of medical records prepared by counsel and/or undersigned counsel's employees.

j. Summaries of investigation by counsel and/or undersigned counsel's employees.

k. Communications and correspondence between counsel and insured or insurer regarding any investigation of this matter.

19. Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations that were sent to Jennifer Nolawski and/or Dr. Travis Schamber prior to him and/or her conducting a review of the medical care provided to Bilal Hill at the Phelps County Jail.

**RESPONSE: Objection – attorney-client privileged information and/or insured/insurer privileged information as well as privileged peer-review.**

**SUPPLEMENTAL RESPONSE: Subject to previous objections, all materials provided to Dr. Schamber for his review were produced at his deposition.**

**PRIVILEGE LOG: As referenced below, counsel means undersigned counsel, and his office, and/or Saif Mohammed, Jessica Young and/or Peter Jennetten.**

Attorney-client privileged and work-product documents:

a. Summaries of interviews with ACH or ACH employees prepared by undersigned counsel or undersigned counsel's employees.

b. internal attorney memorandums prepared by counsel or counsel's employees.

c. internal e-mails exchanged by undersigned counsel and/or counsel's employees.

d. All correspondence and communications between counsel and client (ACH) and ACH employees.

e. Summaries of statements of witnesses prepared by counsel.

f. Communications between undersigned counsel and his experts and/or consultants and summaries of those communications.

g. Legal research memorandums prepared by undersigned counsel and/or undersigned counsel's employees.

h. Medical research and summaries thereof prepared by counsel and/or undersigned counsel's employees.

i. Summaries of medical records prepared by counsel and/or undersigned counsel's employees.

j. Summaries of investigation by counsel and/or undersigned counsel's employees.

k. Communications and correspondence between counsel and insured or insurer regarding investigation of this matter.

20. Any and all documents including, but not limited to, medical records, grievance requests, doctor's notes, summaries, handwritten progress notes, and evaluations, that Jennifer Nolawski and/or Dr. Travis Schamber analyzed to conduct a review of the medical care provided to Bilal Hill at the Phelps County jail.

**RESPONSE: Medical records.**

**SUPPLEMENTAL RESPONSE: This Defendant does not "possess" any records. The records are the Phelps County Jail's to produce. However, the only records sent to Dr. Schamber were the 21 pages that were provided to Plaintiff's counsel at Dr. Schamber's deposition.**

21. Any and all documents that support or that You rely upon to contend that Bilal Hill received objectively reasonable medical care.

**RESPONSE: Objection – Vague, overbroad, and unduly burdensome. Seeks attorney-client and insurer/insured privileged information, as well as work-product. Subject to said objections, this Defendant relies upon the Phelps County Jail medical records.**

**SUPPLEMENTAL RESPONSE: Objection – Vague, overbroad, and unduly burdensome. Seeks attorney-client and insurer/insured privileged information, as well as work-product. Subject to said privileged objections, this Defendant relies upon all of the Phelps County Jail medical and jail records of which Plaintiff is already in possession. For privilege log, see #9 above.**

22. Any and all documents that relate to claims or lawsuits that assert You or any doctor or nurse with a contract with You provided inadequate medical care to inmates during the last ten (10) years.

**RESPONSE: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit.**

**SUPPLEMENTAL RESPONSE: Subject to previously stated objections, this Defendant agrees to provide a list of lawsuits filed in Missouri in the last five years against ACH or any of ACH's employees. See Exhibit C, attached.**

23. Any and all documents that describe the policies, procedures, methods, and/or standards that govern or in any way relate to the process by which You review the care provided to inmates at Phelps County jail.

**RESPONSE: Objection – vague as to time and subject matter, irrelevant and seeks attorney/client privileged information, insured/insurer privileged information, and privileged peer-review.**

**SUPPLEMENTAL RESPONSE: See above objections. Privilege log is same as #18 and 19 above. Subject to those objections and privileges, this Defendant does not have any documents responsive to this request.**

26. Any and all training materials, manuals, protocols, scripts, guidelines,

complaints, policies, policy manuals, and any other documents that in anyway describe, relate, outline and/or govern the medical care that was to be provided to inmates at Phelps County and were provided to Phelps County, Dr. Arthur Bentley, Nurse Dionne Kelley, Lieutenant Joe Taylor, or any correctional officers employed by Phelps County.

**RESPONSE: Objection – vague as to time and subject matter, overbroad, unduly burdensome, and irrelevant. Subject to said objections, see Exhibits D and E, which are documents responsive to this request as they relate to Dr. Bentley or Nurse Kelley.**

**SUPPLEMENTAL RESPONSE: Per request of Plaintiff, the "yellow manual/illness reports" that ACH sent to the Phelps County Jail would be the property of the Phelps County Jail and this Defendant does not currently have a copy of those. The current Illness Reports in this Defendant's possession is attached as Exhibit D.**

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar No.: 31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants ACH, Dr. Arthur Bentley and Dionne Kelley*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via court's electronic filing system and electronic mail on this 6th day of November, 2020 to the following:

**Brandon Gutshall**
**Charles Eblen**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108
*Attorneys for Plaintiff*

**John Terry Brooks**
**Michael G. Berry**
NEWMAN COMLEY, P.C.
601 Monroe Street
P.O. Box 537
Jefferson City, MO 65102
*Attorneys for Defendants Phelps County Sheriff's Department, Phelps County Jail, Richard Lisenbe, Kelly Ratcliff, Unknown Glenn, and Joe Taylor*

*/s/ Libby Cozzoni*