UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA CHARLENE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20 CV 804 JMB |
| ) | |
| DR. ARTHUR BENTLEY, DIONNE ) | |
| KELLEY, and ADVANCED ) | |
| CORRECTIONAL ) | |
| HEALTHCARE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lady Maakia Charlene Smith's motion to compel (Doc. 205). For the following reasons, the motion is **GRANTED in part**.

### Background

On February 10, 2022, an Order was entered on the parties' motions for summary judgment that limited the triable claims in this case to Count I, alleging deliberate indifference to a serious medical need against Arthur Bentley and Dionne Kelley, and Count III, alleging a state law claim of medical malpractice against Bentley, Kelley, and Advanced Correctional Healthcare, Inc. (ACH) (Doc. 201). These counts are set forth in plaintiff's third amended complaint where she seeks compensatory damages, punitive damages, attorneys' fees, and costs (Doc. 122, pp. 20, 28, 31).

Prior to the Court's ruling on summary judgment, plaintiff served her first requests for production of documents on ACH seeking, in part:

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents that relate to Your financial history, including but not limited to, securities accounts, bank accounts, loans, and credit card statements, for the past ten (10) years.

(Doc. 205-3, p. 6).[1]

In response, ACH indicated:

> RESPONSE: Objection – vague, overbroad, unduly burdensome, irrelevant, premature, personal, and confidential. The discovery process was not designed to be a scorched earth battlefield upon which the rights of the litigants and the efficiency of the justice system should be sacrificed to mindless overzealous representation of plaintiffs and defendants. The burden and expense, as well as the burden to embarrass, annoy, and oppress this Defendant outweighs any likely benefit of this discovery. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) and 26(c)(1). This discovery request is not proportional to the needs of the case. Further, Plaintiff has failed to demonstrate a need for ACH's sensitive financial information for the past 10 years. This request is overbroad and further unduly burdensome because it seeks documents for a 10-year period. It is requesting documentation before the allegations in this lawsuit and after the allegations in this lawsuit. Providing such information would be harmful ACH because such information could serve to benefit ACH's competitors. Thus, any marginal relevance of such documents is far outweighed by the harm that may result to the welfare of ACH's corporate existence.  Further, it would require this Defendant to conduct research, which is not required via the Federal Rules of Civil Procedure. The documents requested by Plaintiff go far beyond an attempt to ascertain ACH's net worth and financial condition. Not only is such a request entirely overbroad, it also constitutes a significant expense. Disclosure of financial information should not be made until such time as Plaintiff makes a submissible case for punitive damages, and the requests are sufficiently tailored to the needs of litigation. Christian v. Frank Bommarito Oldsmobile, Inc., 2009 WL 1657423 at *3 (Mo. App. E.D. 2009).

(Doc. 205-3, 13-14).

Plaintiff now seeks to compel a response from ACH to a modified version of this discovery request: "five years of the most common (and readily available) financial statements – income statements; cash flow statements; statements of changes in equity; balance sheets" (Doc. 205, p. 4).  In response (to the motion), ACH argues that it is not required to indemnify the individual defendants if punitive damages are assessed on the § 1983 claim, that its exposure to punitive damages on the medical malpractice claim is limited to a little less than $4,000,000 and it is only required to show

---

[1] Plaintiff did not specify in her motion which request to produce was at issue but later emailed chambers and indicated that only request #11 was in dispute.

that it can pay that amount, that it is only required to produce its current net worth, and that it should not be required to produce any evidence on its net worth until a bifurcated trial on punitive damages is convened.

## Discussion

Federal Rule of Civil Procedure 26(b) provides that a party may discover non-privileged material relevant to a claim or defense that is proportional to the needs of the case. Proportionality considers the importance of the issues at stake, the amount in controversy, relative access to information, and the burden of producing the discovery. Id. Rule 37(a)(4) further provides that a party may file a motion to compel if discovery responses are evasive or incomplete. Discovery matters are committed to the discretion of the district court and reviewed for a "gross abuse of discretion." Robinson v. Potter, 453 F.3d 990, 994-5 (8th Cir. 2006).

Punitive damages may be recovered under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Punitive damages may be "awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown." Coleman v. Rahija, 114 F.3d 778, 787 (8th Cir. 1997) (citing Smith, 461 U.S. at 52) (other citation omitted). Punitive damages may likewise be recovered on a medical malpractice claim:

> When seeking punitive damages against a health care provider in a medical malpractice case, an award shall be made only upon a showing by a plaintiff that the health care provider demonstrated willful, wanton or malicious misconduct with respect to his or her actions which are found to have injured or caused or contributed to cause the damages claimed in the petition. For purposes of punitive damages, acting willfully, wantonly, or maliciously is equivalent to acting with a complete indifference to or in conscious disregard for the rights or safety of others.

Rhoden v. Missouri Delta Med. Ctr., 621 S.W.3d 469, 477 (Mo. 2021) (quotation marks, editing marks, and citations omitted).[2]

In Missouri, "the net worth of a party is admissible on the issue of punitive damages, [but] there is no requirement that the net worth be shown." Mullen v. Dayringer, 705 S.W.2d 531, 536 (Mo. Ct. App. 1985). Net worth may be one of many factors which a jury may consider in awarding punitive damages. See TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 462 n 28 (1993); Schaub v. VonWald, 638 F.3d 905, 927 (8th Cir. 2011). In addition, as a matter of federal law, a defendant has the burden of presenting evidence of its net worth if it intends to argue that it cannot afford a large punitive damages award. Grabinski v. Blue Springs Ford Sales, Inc., 136 F.3d 565, 571 (8th Cir. 1998). As such, this Court finds that ACH's net worth is relevant and admissible on the question of punitive damages, at least as to the medical malpractice claim.

Plaintiff's original interrogatory is overbroad and not designed to discover relevant material proportional to the needs of this case. It is unclear how detailed financial records for a 10-year period is relevant to any claim. However, ACH's arguments that information regarding its net worth is not discoverable until a bifurcated trial or that only its ability to pay the maximum potential judgment is relevant are unconvincing. No motion to bifurcate the trial is before the

---

[2] As set forth in Rhoden, the relevant Missouri statute was amended in August, 2020:

> Any provision of law or court rule to the contrary notwithstanding, an award of punitive damages against a health care provider governed by the provisions of sections 538.205 to 538.230 shall be made only upon a finding by the jury that the evidence clearly and convincingly demonstrated that the health care provider intentionally caused damage to the plaintiff or demonstrated malicious misconduct that caused damage to the plaintiff. Evidence of negligence including, but not limited to, indifference to or conscious disregard for the safety of others shall not constitute intentional conduct or malicious misconduct.

> Mo. Ann. Stat. § 538.10.8 (West 2020).

After the amendment, demonstrating a conscious disregard for the rights or safety of others is not a basis for punitive damages on a medical malpractice claim. Rhoden, 621 S.W.3d at 477 n.4.

Court and none has been ordered.  And, to the extent that ACH believes that it may withhold relevant evidence, and produce it when it believes appropriate or consistent with state law, contravenes the Federal Rules.  See, e.g., Montoya v. Sloan Valve Company, 2021 WL 5865371, *1 (E.D. Mo. 2021) (In discussing Mo. Ann. Stat. § 510.263.8, which calls for bifurcated trials where punitive damages are at issue, stating that in federal court "a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." (quotation marks and citations omitted)).

Plaintiff's revised interrogatory, as set forth in her motion, is less broad; she essentially seeks core financial statements that would reflect net profits and losses over a more limited period of time.  Plaintiff has not explained, however, why she requires 5 years' worth of financial records except to point out that some other cases in this district have allowed for such discovery.  The undersigned finds that 5 years of financial records is unduly burdensome and not relevant; however, financial records covering the relevant time period in this lawsuit are discoverable.  Accordingly, ACH shall produce the most common (and readily available) financial statements – income statements; cash flow statements; statements of changes in equity; balance sheets for January 1, 2020 to the present.  ACH shall produce this information by April 11, 2022.

/s/ John M. Bodenhausen  
JOHN M. BODENHAUSEN  
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of March, 2022