UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA SMITH,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | Cause No.: 4:20-CV-00804-JMB |
| v.         ) | |
| ) | JURY TRIAL DEMANDED |
| ADVANCED CORRECTIONAL         ) | |
| HEALTHCARE, et al.         ) | |
| ) | |
| Defendants.         ) | |

**DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., DR. ARTHUR BENTLEY, AND DIONNE KELLEY'S SUGGESTIONS IN SUPPORT OF MOTION TO BIFURCATE PUNITIVE DAMAGES ASSESSMENT**

COME NOW Defendants, Advanced Correctional Healthcare, Inc., Dr. Arthur Bentley, and Dionne Kelley, by and through undersigned counsel, and in support of their motion bifurcate the punitive damage phase of the trial from the liability phase, state the following:

Plaintiff claims that Defendants Dr. Arthur Bentley and Dionne Kelley were deliberately indifferent to Decedent, Bilal Hill, under Count I of Plaintiff's Third Amended Complaint and they were medically negligent as well under Count III.  Plaintiff claims that Defendant Advanced Correctional Healthcare, Inc. (ACH) is vicariously liable under Count III for the alleged medically negligence of Dr. Arthur Bentley and Dionne Kelley.  Plaintiff seeks punitive damages in this lawsuit.

Federal Rule of Civil Procedure 42(b) authorizes bifurcation of trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  *Evantigroup, LLC v. Mangia Mobile, LLC,* 2013 U.S. Dist. LEXIS 1940, *4-5, 2013

WL 74372 (E.D. Mo. Jan. 7, 2013).   Courts have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings.  *Id*. (See *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); *Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada*, 2006 SL 1026992, *2 (E.D. Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement.")).

      The issue of the amount of punitive damages to be awarded should be tried separately, if the plaintiff prevails on the merits of the primary claims against one or more of these defendants, and the jury further determines that the conduct supports punitive damages.  Plaintiff seeks punitive damages against each of these defendants.  However, there are multiple claims pending, and there is the potential for some claims to result in verdicts in favor of plaintiff but against some defendants and not others.  As such, trying the issue of punitive damages in the case-in-chief could easily prejudice many or all of the defendants. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims".  Fed. R. Civ. P. 42(b).  Since Defendant ACH is not a party to Count I of Plaintiff's Third-Amended Complaint, allowing evidence of the ACH financial condition into evidence could be confusing to the jury and prejudicial to all defendnats.  Bifurcation of the trial of certain issues or claims is appropriate "where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants".  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008).  The decision to bifurcate the

trial of any issues or claims is within the Court's discretion. *Id*. See also *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007); *Disorbo v. Hoy*, 343 F.3d 172, 179 (2d Cir. 2003); *Treece v. Hockstetler*, 213 F.3d 360, 364 (7th Cir. 2000); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Circ. 1996); *Awalt v. Marketti*, 75 F. Supp. 777 (Ill. 2014) and *Horton v. City of Chicago*, 2016 WL 316878 (Ill. 2016).  Bifurcation promotes judicial economy, as to the bifurcation of these issues will not add significant additional time to the trial overall and if the jury does not feel punitive damages are warranted, will actually save trial time.

Even if a violation of Section 1983 is proved, that does not necessarily mean the same conduct at issue will support a punitive damages award. *Finch v. City of Indianapolis*, 2011 U.S. Dist. LEXIS 67577, *17 (S. D. Indiana 2011).  There is no need to waste court and jury's time, and to confuse the issues, until after the liability of Defendants, if any, is established, and depending on which of the multiple counts under which Plaintiff has brought their suit. *Rupe v. Fourman*, 532 F. Supp. 344, 350-351 (S. D. Ohio 1981).  See also *Shelter v. Cnty of Chester*, 2015 U.S. Dist. LEXIS 123343 (E.D. PA, 2015).  When there are punitive damages alleged, the trial should be bifurcated to avoid any potential prejudice.  Issues of net worth can have an adverse effect on jury deliberations concerning liability and compensatory damages. *North Dakota Fair Hous. Council, Inc. v. Allen*, 298 F. Supp. 2d 897 (N. Dakota 2004).  See also *Bliss v. BNSF Ry, Co.*, 2013 U.S. Dist. LEXIS 146101 (D. Neb. Oct. 9, 2013).

For the medical negligence claims, Missouri Revised Statute of Missouri, Section 510.263(1) and (3) mandates bifurcated proceedings, at the request of any party, for the jury to determine first whether the defendant is liable for punitive damages, and then to thereafter determine in the second stage of trial, the amount of punitive damages to be awarded.  See also, Illustration, MAI.35.19.

WHEREFORE, Defendants respectfully request this Court enter an order bifurcating evidence of any Defendant's financial condition and assessment of punitive damage, if any, from the primary claims brought by plaintiffs and to try the issue of punitive damages in a second stage of trial, if the jury should determine that any defendant is liable for same, and for such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar No.:  31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Dionne Kelley, Dr. Arthur Bentley, and Advanced Correctional Healthcare, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail and the court's electronic filing system on this 22nd day of April, 2022 to the following:

**Brandon Gutshall**
**Charles Eblen**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108

*/s/ Joan Monninger*