UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA CHARLENE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20 CV 804 JMB |
| ) | |
| DR. ARTHUR BENTLEY, DIONNE ) | |
| KELLEY, and ADVANCED ) | |
| CORRECTIONAL ) | |
| HEALTHCARE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' motions in limine (Docs. 222 and 225) and the responses thereto (Docs. 234 and 235).

Motions in limine serve an important function of determining what matters should and should not be presented at trial. They assist in streamlining the presentation of evidence and resolve doubt about excluding material that is inconsistent with the Federal Rules of Evidence. Rulings on motions in limine are reviewed for an abuse of discretion. United States v. Fincher, 538 F.3d 868, 872 (8th Cir. 2008). Such abuse occurs when "a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." United States v. Overton, 971 F.3d 756, 763-764 (8th Cir. 2020) (citation and quotation marks omitted).

At a pretrial conference on May 10, 2022, the Court addressed each of the pending motions and limine on the record and considered oral arguments. With the foregoing principles in mind,

and in view of the Court's findings on the record, the Court provides the following summary findings:

### Plaintiff's Motion in Limine

Plaintiff seeks to exclude reference or evidence of prior criminal convictions. The motion is **TAKEN UNDER ADVISEMENT** subject to FRE 609.

### Defendants' Motions in Limine

1. Evidence related to Count II (Monell Claim).

    a. **GRANTED**: ACH's review of plaintiff medical treatment is generally irrelevant to the claims at issue. However, Taylor may testify as to actions he took related to Hill's medical care.

    b. **GRANTED**: Evidence of other lawsuits against ACH is irrelevant.

    c. **GRANTED**: Evidence of ACH's training/promotional material is irrelevant.

    d. **GRANTED**: Evidence of ACH's budget or costs, and its supposed status as a "risk litigation management company", is irrelevant.

2. **GRANTED**: As indicated above with 1(b), evidence of other lawsuits that ACH was involved in are irrelevant to the claims in this case.

3. **GRANTED in part**: Whether or not defendants' conduct violated the 8th Amendment is a jury question. Lay witnesses may not comment on the legal standard. However, experts may provide opinions as to Hill's care.

4. **GRANTED**: Evidence of insurance coverage is not relevant.

5. **TAKEN UNDER ADVISEMENT**: The parties and the Court understand that there are no relevant witnesses who have not been disclosed or deposed.

6. **<u>GRANTED</u>**:  Lay witnesses are entitled to testify as to their own observations but may not testify as to causation, diagnosis, prognosis, or what constitutes appropriate medical care.

7. **<u>GRANTED</u>** as unopposed.

8. **<u>DENIED</u>**: Specific evidentiary rulings will be made at trial.

9. **<u>DENIED</u>**:  Parties shall refer to the Court's order on bifurcation.

10. **<u>GRANTED</u>** as unopposed.

10A. (which is listed as a 2nd #10) **<u>TAKEN UNDER ADVISEMENT</u>**: Specific evidentiary rulings will be made at trial.

11. **<u>GRANTED in part or MOOTED in part</u>**: Lay witnesses may not testify as to the standard of care.  The standard of care is defined by law and not based on defendant's training/promotional material.  In all other respects, specific evidentiary rulings will be made at trial.

12. **<u>GRANTED</u>**:  Jail's standard of care is not relevant.

13. **<u>DENIED in part and TAKEN UNDER ADVISEMENT in part</u>**:  The parties agree that most of the phone calls, video calls, and video messaging, are authentic or are capable of being authenticated.  The parties further have agreed to meet and confer and determine whether there are any actual authentication issues.

14. **<u>GRANTED in part and DENIED in part:</u>**  Specific evidentiary rulings will be made at trial.  Witnesses are permitted to testify as to their own observations.

15. **<u>GRANTED</u>**.  As set forth in #6 above, lay witnesses cannot provide expert testimony or speculate as to what others think, but can testify as to their own observations.

16. **<u>GRANTED</u>**:  Subsequent remedial measures are not relevant.

17. **DENIED**:  As set forth above, lay witnesses can testify as to their observations, and it is within the knowledge of a witness whether Hill looked "better" or "worse" over time.  Specific evidentiary rulings will be made at trial.

18.  **GRANTED**:  Evidence regarding the medical condition of other inmates is irrelevant.

19. **GRANTED** as unopposed.

20. **TAKEN UNDER ADVISEMENT** as subject to FRE 608.

21. **GRANTED** as unopposed.

22. **GRANTED** as unopposed.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2022