UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA CHARLENE SMITH,   )<br>                                                              )<br>      Plaintiff,                                 )<br>                                                              )<br>   vs.                                                    )     Case No. 4:20 CV 804 JMB<br>                                                              )<br>DR. ARTHUR BENTLEY, DIONNE      )<br>KELLEY, and ADVANCED              )<br>CORRECTIONAL                           )<br>HEALTHCARE, INC.,                       )<br>                                                              )<br>      Defendants.                          )   | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to bifurcate (Doc. 210). Defendants seek to bifurcate the jury trial on the issue of punitive damages and especially as to evidence regarding ACH's net worth. For the reasons set forth below and at the May 10, 2022 pretrial conference, the motion is **DENIED**.

Punitive damages are recoverable under 42 U.S.C. § 1983 (Count I) and for medical malpractice (Count III). Rhoden v. Missouri Delta Med. Ctr., 621 S.W.3d 469, 477 (Mo. 2021). Pursuant to state law, "[a]ll actions tried before a jury involving punitive damages, including tort actions based upon improper health care, shall be conducted in a bifurcated trial before the same jury if requested by any party." Mo. Ann. Stat. § 510.263(1) (West 2020). The statute further provides that after the first stage of a bifurcated trial, the jury "shall determine . . . the liability of a defendant for punitive damages." Id. § 510.263(2). In the second stage, the jury would then determine the amount of punitive damages and may consider a defendant's net worth.

However, the Eighth Circuit has found that § 510.263 is a procedural rule that does not supersede the Federal Rules of Civil Procedure. In E.E.O.C. v. HBE Corp., 135 F.3d 543, 551

(8th Cir. 1998), the Court held that the district court did not abuse its discretion in declining to bifurcate the issues of liability and punitive damages in a racial discrimination and retaliatory discharge case in which plaintiffs sought punitive damages under Missouri's Human Rights Act. The Court noted that evidence related to liability also would be relevant to punitive damages; hence, the trial court did not err in consolidating the issues for trial.  Thus, state statute is not dispositive of the issue of whether this case should be bifurcated.  See Spurlock v. Nordyne, Inc., 1992 WL 330206, * 3-4 (E.D. Mo. 1992) ("The issue of separate trials is one of procedural law, not substantive; therefore Missouri statutes are not relevant in this matter" -- specifically referring to § 510.263(1).).

Federal Rule of Civil Procedure 42 provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial."  The decision of whether to bifurcate a case is reviewed for an abuse of discretion.  Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000).  Factors to consider include "preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results, and possibilities of confusion."  O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-1202 (8th Cir. 1990).  Defendants argue that bifurcation is necessary to avoid prejudice and confusion.  In response, plaintiff argues that it is unnecessary to have a second trial in order to introduce one piece of evidence.

Bifurcation is not necessary in this matter.  All relevant evidence, except for ACH's net worth, will be admitted at trial – evidence that would speak to liability and damages, including punitive damages.  Therefore, plaintiff's argument is more convincing.  It would be inefficient and inconvenient to bifurcate when the sole purpose would be to introduce evidence of ACH's net

worth.  A jury instruction should be sufficient to alleviate any confusion or prejudice to ACH in the introduction of its net worth.  Indeed, such an instruction and the verdict form should alleviate any confusion and lead to a more streamlined presentation of evidence.

Accordingly, the motion to bifurcate is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of May, 2022