Jury Instruction <u>1</u>

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions — the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Jury Instruction <u>2</u>

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

Jury Instruction <u>3</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Jury Instruction <u>4</u>

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Jury Instruction <u>5</u>

You have heard testimony from experts who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of the witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

Jury Instruction <u>6</u>

You have heard evidence that Bilal Hill and witnesses Jason Johnson, Chris Loethen, Ashanti Roberson, and Mark Sooter have been convicted of crimes. You may use that evidence only to help you decide whether to believe that witness and how much weight to give that witness's testimony.

Jury Instruction <u>7</u>

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the records or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the records or other underlying evidence.

Jury Instruction <u>8</u>

Testimony was presented to you in the form of depositions. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. Some deposition testimony was electronically video recorded. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.  You should not place any significance on the manner or tone of voice used to read a witness's answers to you.

Jury Instruction <u>9</u>

Instructions <u>10</u> to <u>16</u> and Verdict Form A relate to Plaintiff's claims of Deliberate Indifference.

Jury Instruction <u>10</u>

Plaintiff Lady Maakia Charlene Smith, as personal representative of the Estate of Bilal Hill, representing Mr. Hill's interest in this matter, brings this claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Jury Instruction <u>11</u>

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

Jury Instruction <u>12</u>

Deliberate indifference is established only if there is actual knowledge of severe pain and deterioration of health of Mr. Hill and if the Defendant disregards that need by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

Jury Instruction <u>13</u>

Your verdict must be for Plaintiff, as personal representative of the Estate of Bilal Hill, and against Defendants Dr. Arthur Bentley and/or Dionne Kelley on Plaintiff's claim that the Defendants failed to provide timely outside medical care and/or reasonable pain management for unresolved medical complaints if all the following elements have been proved:

*First,* Mr. Hill had a serious need for outside medical care and/or reasonable pain management; and

*Second,* the Defendants were aware of Mr. Hill's serious need for outside medical care and/or pain management; and

*Third,* the Defendants, with deliberate indifference, failed to provide outside medical care and/or pain management; and

*Fourth,* as a direct result, Mr. Hill was injured.

If any of the above elements has not been proved, then your verdict must be for the Defendant(s).

Jury Instruction <u>14</u>

If you find in favor of the Plaintiff under Instruction <u>13</u>, you must award Plaintiff an amount of money that will fairly compensate Mr. Hill for any damages you find he sustained as a direct result of the conduct of the Defendants as submitted in Instruction <u>13</u> You should consider the following elements of damages:

The physical pain and mental or emotional suffering that Mr. Hill experienced, the nature and extent of the injury, and whether the injury was temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Jury Instruction <u>15</u>

If you find in favor of the Plaintiff under Instruction <u>13</u>, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of One Dollar ($1.00).

Jury Instruction <u>16</u>

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff under Instruction <u>13</u>, and if it has been proved that the conduct of the Defendants as submitted in Instruction <u>13</u> was malicious or recklessly indifferent to Mr. Hill's serious medical needs, then you may, but are not required to, award the Plaintiff an additional amount of money as punitive damages for the purposes of punishing the Defendants for engaging in misconduct and deterring the Defendants and others from engaging in similar misconduct in the future. You should presume that Plaintiff has been made whole for Mr. Hill's injuries by the damages awarded under Instruction <u>14</u>.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.     How reprehensible the Defendant's conduct was. In this regard, you may consider whether the harm suffered by Mr. Hill was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the Defendants' conduct that harmed Mr. Hill also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Hill.

2.     How much harm the Defendant's wrongful conduct caused Mr. Hill. You may not consider harm to others in deciding the amount of punitive damages to award.

3.     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendants' financial condition, to punish the Defendant for their wrongful conduct toward the Mr. Hill and to deter the Defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Mr. Hill.

You may award punitive damages against any or all Defendants or you may refuse to award punitive damages. If punitive damages are awarded against more than one Defendant, the amounts awarded against those Defendants may be the same or they may be different.

Jury Instruction <u>17</u>

Instructions <u>18</u> to <u>28</u> and Verdict Form B relate to Plaintiff's claims of Medical Negligence.

Jury Instruction <u>18</u>

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of Defendant's profession.

Jury Instruction <u>19</u>

Your verdict must be for the Plaintiff if you believe:

- First, Dr. Arthur Bentley and/or Dionne Kelley (a) failed to send Mr. Hill for  timely outside medical care and/or (b) failed to provide reasonable pain management, and

- Second, Defendants were thereby negligent, and

- Third, as a direct result of such negligence Mr. Hill sustained damage.

Jury Instruction <u>20</u>

Your verdict must be for Defendants Dr. Arthur Bentley and Advanced Correctional Healthcare, Inc., unless you believe Defendant Dr. Arthur Bentley was negligent as submitted in Instruction Number <u>19</u>, and as a direct result of such negligence, Mr. Hill sustained damage.

Jury Instruction <u>21</u>

Your verdict must be for Defendants Dionne Kelley and Advanced Correctional Healthcare, Inc., unless you believe Defendant Dionne Kelley was negligent as submitted in Instruction Number <u>19</u>, and as a direct result of such negligence, Mr. Hill sustained damage.

Jury Instruction <u>22</u>

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages you believe Mr. Hill sustained as a direct result of the Defendants' medical negligence to Mr. Hill.

You must not consider grief or bereavement suffered by reason of the death.

Jury Instruction <u>23</u>

In these instructions, you are told to itemize any damages you award by the categories set forth in the verdict form.

The phrase "past non-economic damages" means those damages arising in the past from non- pecuniary harm such as pain, suffering, mental anguish, inconvenience, physical impairment, disfigurement, and loss of capacity to enjoy life.

Jury Instruction <u>24</u>

If you find in favor of Plaintiff under Instruction Number <u>19</u> and if you believe that:

- First, Defendants Dr. Arthur Bentley and/or Dionne Kelley failed to send Mr. Hill for timely outside medical care and/or failed to provide reasonable pain management, and

- Second, Defendants knew or had information from which Defendants, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury, and

- Third, defendants thereby showed complete indifference to or conscious disregard for the safety of others,

then in addition to any damages to which you find Plaintiff entitled under Instruction Number <u>22</u> you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish Defendants and to deter Defendants and others from like conduct.

You may consider harm to others in determining whether Defendants' conduct showed complete indifference to or conscious disregard for the safety of others. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

Jury Instruction <u>25</u>

Evidence of Advanced Correctional Healthcare, Inc.'s net worth may be considered by you only on the issue of punitive damages. It may not be considered for any other purpose.

Jury Instruction <u>26</u>

You must not award Plaintiff an additional amount as punitive damages under Instruction Number <u>24</u> unless you believe the conduct of Defendant Dr. Arthur Bentley as submitted in Instruction Number <u>19</u> showed complete indifference to or conscious disregard for the safety of others.

Jury Instruction <u>27</u>

You must not award Plaintiff an additional amount as punitive damages under Instruction

Number <u>24</u> unless you believe the conduct of Defendant Dionne Kelley as submitted in Instruction

Number <u>19</u> showed complete indifference to or conscious disregard for the safety of others.

Jury Instruction <u>28</u>

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges — judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone — including me — how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Finally, the verdict forms are your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LADY MAAKIA CHARLENE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20 CV 804 JMB |
| | ) | |
| DR. ARTHUR BENTLEY, DIONNE | ) | |
| KELLEY, and ADVANCED | ) | |
| CORRECTIONAL | ) | |
| HEALTHCARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**VERDICT FORM A**

*Note: Complete this form by writing in the names required by your verdict.*

On Plaintiff Lady Maakia Charlene Smith's claim against Defendant Dr. Arthur Bentley, as submitted in Instruction No. <u>13</u>, we find in favor of

_____

(Plaintiff Lady Maakia Charlene Smith) or (Defendant Dr. Arthur Bentley)

On Plaintiff Lady Maakia Charlene Smith's claim against Defendant Dionne Kelley, as submitted in Instruction No. <u>13</u>, we find in favor of

_____

(Plaintiff Lady Maakia Charlene Smith) or (Defendant Dionne Kelley)

*Note: Complete the following paragraphs only if one or more of the above findings is in favor of the Plaintiff.*

We find Plaintiff Lady Maakia Charlene Smith's damages to be:

$_____ (stating the amount, or if you find that the plaintiff's damages have no monetary value, state the nominal amount of $1.00).

*Note: You may not award punitive damages against any Defendant unless you have first found against that Defendant and awarded the Plaintiff actual damages.*

We assess punitive damages against Defendant Dr. Arthur Bentley as follows:

$_____(state the amount or, if none, write the word "none").

We assess punitive damages against Defendant Dionne Kelley as follows:

$_____(state the amount or, if none, write the word "none").


Foreperson _____

Dated: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LADY MAAKIA CHARLENE SMITH,      )
     )
        Plaintiff,      )
     )
        vs.      )     Case No. 4:20 CV 804 JMB
     )
DR. ARTHUR BENTLEY, DIONNE      )
KELLEY, and ADVANCED      )
CORRECTIONAL      )
HEALTHCARE, INC.,      )
     )
        Defendants.      )

**VERDICT FORM B**

*Note: Complete this form by writing in the name(s) required by your verdict.*

On the claim of Plaintiff Lady Maakia Charlene Smith for medical negligence against Defendants Dr. Arthur Bentley and Advanced Correctional Healthcare, Inc., as submitted in Instruction 19, we, the undersigned jurors, find in favor of:

_____

Plaintiff Lady Maakia Charlene Smith  or  Defendants Dr. Arthur Bentley and Advanced Correctional Healthcare, Inc.

On the claim of Plaintiff Lady Maakia Charlene Smith for medical negligence against Defendants Dionne Kelley and Advanced Correctional Healthcare, Inc., as submitted in Instruction 19, we, the undersigned jurors, find in favor of:

_____

Plaintiff Lady Maakia Charlene Smith   or   Defendants Dionne Kelley and Advanced Correctional Healthcare, Inc.

*Note: Complete the following only if one or more of the above findings is in favor Plaintiff. Complete by writing in the amount of damages, if any.  If you do not find that Plaintiff has damages write "none".*

We, the undersigned jurors, assess the damages of Plaintiff as follows:

For past non-economic damages      $ _____

*Note: You may not award punitive damages against any Defendant unless you have
first found against that Defendant and awarded the Plaintiff actual damages.*

We assess punitive damages against Defendants Dr. Arthur Bentley and Advanced Correctional
Healthcare, Inc. as follows:

$_____(state the amount or, if none, write the word "none").

We assess punitive damages against Defendant Dionne Kelley and Advanced Correctional
Healthcare, Inc.as follows:

$_____(state the amount or, if none, write the word "none").

Foreperson _____

Dated: _____