### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA CHARLENE SMITH, personal representative of the Estate of BILAL HASANIE HILL, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED CORRECTIONAL HEALTHCARE, INC.; DR. ARTHUR BENTLEY, Individually and in His Official Capacity as a Medical Services Provider at Phelps County; DIONNE KELLEY; KELLY RATCLIFF, LIEUTENANT JOE TAYLOR; DR. TRAVIS SCHAMBER, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | Case No. 4:20-CV-00804-JMB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST**

Plaintiff Lady Maakia Charlene Smith ("Plaintiff" or "Ms. Smith") files this Memorandum of Law in Support of Her Motion for Award of Attorneys' Fees, Costs, and Post-Judgment Interest.

**I.     RELIEF REQUESTED**

Pursuant to the Federal Rules of Civil Procedure, Rule 54(d)(1) and (2), Local Rules of Court 8.02 and 8.03, 42 U.S.C. §§ 1983 and 1988 *et seq.*, and 28 U.S.C. §§ 1920 *et seq.*, Ms. Smith submits this brief for reasonable attorneys' fees and a multiplier in the amount of $1,607,694.40, plus reasonable costs and expenses in the amount of $63,323.06. Plaintiff also requests the reasonable attorneys' fees for the preparation of this fee petition. Finally, pursuant to 28 U.S.C. §§ 1961 *et seq.*, Plaintiff demands post-judgment interest at a rate 2.11% until the fees and costs are paid in full.

## II.  BACKGROUND

Plaintiff filed a lawsuit including a Deliberate Indifference claim pursuant to 42 § U.S.C. 1983 against Defendants Dr. Arthur Bentley and nurse Dionne Kelley and a Medical Negligence claim pursuant to RSMo 537.020 against Defendants Bentley, Kelley and Advanced Correctional Healthcare ("Defendants") following Defendants' mistreatment of Bilal Hasanie Hill while at the Phelps County Jail.[1] Defendants disregarded Mr. Hill's continued complaints of extreme pain, significant weight loss, a visible growth on his neck, dramatic voice change, and nightly screaming and crying in pain over the course of 78 days. Upon discharge from Defendants' care, Mr. Hill was diagnosed with Stage IV terminal cancer. His treating physician described him as emaciated, skeletal, observed muscle wasting away from his face, and testified that he had a ketotic smell. Mr. Hill endured significant pain and suffering due to Defendants disregard of his worsening condition. On May 24, 2022, the jury agreed, awarding damages of over eight million dollars against Defendants.

## III.  STATUTORY AUTHORITY FOR AWARDING ATTORNEY FEES

A prevailing plaintiff in a § 1983 lawsuit "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Wharton v. Knefel*, 562 F.2d 550, 557 (8th Cir. 1977) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)); 42 U.S.C. § 1988(b) (in any action or proceeding to enforce a provision of Section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

---

[1] Plaintiff brought claims pursuant to 42 § U.S.C. 1983 and RSMo 537.020 requiring substantially identical evidence. Because the Court can award costs under Fed. R. Civ. P. 54(d) for the § 1983 claim, it is "irrelevant" whether the state statute permits recovery. *See Hamidi v. City of Kirksville*, No. 2:14CV00087 ERW, 2016 WL 6563470, at *2 (E.D. Mo. 2016).

IV. **ARGUMENT**

a. **Plaintiff is the Prevailing Party**

"A prevailing party [is] one who has succeeded on any significant claim affording it some of the relief it sought." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791 (1989). A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). The United States Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that [material alteration] test." *Lefemine,* 568 U.S. at 4 (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam)). Here, the jury found for Plaintiff on all claims submitted, awarding damages of $8,500,000. ECF No. 262. Plaintiff has unequivocally and overwhelmingly prevailed against Defendants.

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." *Jenkins ex rel. Jenkins v. State of Mo.*, 127 F.3d 709, 716 (8th Cir. 1997). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The Eighth Circuit has stated, "If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win." *Jenkins*, 127 F.3d at 716 (citing *Hensley*, 461 U.S. at 435).

### b. Plaintiff is Entitled to Attorneys' Fees, Costs, and Post-Judgment Interest

#### i. Attorneys' Fees

The "lodestar calculation" set forth by the U.S. Supreme Court in *Hensley* is the basis for any reasonable fee award under § 1988. *See Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (citing *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018)) ("To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates."). A party seeking an award of fees must submit documentation supporting the requested amount and Counsel "should make a good faith effort" to exercise billing judgement in calculating his client's request. *Hensley*, 461 U.S. at 433-34. "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant*, 919 F.3d at 529 (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).

Once a court employs the "lodestar" method and arrives at a fee amount, it may consider a number of other factors in determining whether to adjust the fee upward or downward. *Childress v. Fox Associates*, 2018 WL 3208558, at *1 (E.D. Mo. 2019). "An upward adjustment to an attorney's lodestar hourly rate is permissible 'in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts.'" *Forshee v. Waterloo Indus., Inc.*, 178 F.3d 527, 532 (8th Cir. 1999) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The United States Supreme Court has recognized that an enhancement may be appropriate where: (1) the method used to determine the hourly rate employed in the lodestar calculation "does not adequately measure the attorney's true

market value"; (2) "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; or (3) there exist "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554-56 (2010).

Here, the second ground for an enhancement is applicable. As set forth in this brief, the economic outlay to prosecute a case that the jury found to involve egregious behavior was enormous. And a portion of these costs were increased because of difficulties obtaining discovery and, as another example, the fact that Defendants objected to most deposition designations and proffered exhibits leading into trial. Given these obstacles to achieving justice, it is unsurprising that Ms. Smith struggled mightily to find representation for what the jury found to be an egregious and high-damages case (*see* **Exhibit A**, Declaration of Ms. Smith). This is particularly true when a basic Pacer search reveals that ACH is clearly an experienced litigant that takes cases the distance, which could deter lawyers from taking worthy civil-rights cases. The underlying purpose for Section 1988's fee-shifting provision is to encourage attorneys to take cases that vindicate the violation of one's civil rights. *See Hensley*, 461 U.S. at 429 ("The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."). That happened here, but not without extraordinary effort by Ms. Smith to find a lawyer, and extraordinary effort and expense navigating this case to verdict. That is the very scenario under which the law permits an enhancement award, and Ms. Smith asks the Court to exercise its broad discretion to do so here.

For purposes of the lodestar analysis, in support of the reasonableness and necessity of the fees and costs, Plaintiff's counsel submits the expert report of James F. Bennett, Esq., attached as **Exhibit B**. As set forth in this report, the rates charged by Shook, Hardy & Bacon LLP ("Shook") professionals and the total hours Shook spent to represent Plaintiff in this litigation were

5

reasonable and necessary. *See* Ex. B, ¶14. In particular, Shook submits that the following factors support the conclusion that the fees and costs sought by Shook are reasonable and necessary under Missouri law.

(a) The hourly rates charged by Shook's lawyers, paralegals, and IT technicians are within the range of those customarily charged for services rendered by professionals with comparable litigation experience and their firms in the markets of the professionals involved.

(b) The work performed was consistent with a medical negligence matter requiring a high level of legal expertise. This litigation spanned several years, involved six experts and thirty depositions, and thousands of pages of produced documents.

(c) Shook and its attorneys enjoy an excellent and long-standing reputation for their professional competence in litigation of this magnitude.

(d) In particular, Mr. Eblen, Mr. Gutshall, and Ms. Heinz have decades of combined experience and extensive records of practice before numerous courts and arbitration tribunals. This greater (and necessary) experience level supports their standard rates, and most certainly the discounted rates charged in this matter.

(e) Comparable firms with national practices in Missouri are presently charging higher rates per hour for attorneys, paralegals and law clerks.

For all these reasons, the total amount of fees incurred to represent Plaintiff in this litigation from inception through post-trial briefing was reasonable and necessary.

### ii. Supplemental Fees

"Time spent preparing fee applications is generally compensable." *El–Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010); *see Gerling v. Waite*, No. 4:17-CV-02702 JAR, 2022 WL

Case No. 4:20-CV-00804-JMB

558083, at *5 (E.D. Mo. 2022) ("A prevailing party is entitled to compensation for the time spent establishing the entitlement to fees under § 1988."). "These compensable 'pursuit fees' include both the fees incurred in preparing the fee application and in defending any challenge to the award, provided the time charged for pursuing fees is reasonable." *Gerling*, 2022 WL 558083, at *5 (citing *Fidelity Guarantee Mortg. Corp. v. Reben*, 809 F.2d 931 (1st Cir. 1987) (prevailing defendant entitled to recover reasonable fees incurred in obtaining award); *Ganey v. Garrison*, 813 F.2d 650 (4th Cir. 1987) (time spent defending entitlement to fees is properly compensable); *Kurowski v. Krajewski*, 848 F.2d 767 (7th Cir. 1988) (prevailing plaintiff's counsel entitled to compensation for time spent pursuing fee request)). Plaintiff respectfully requests that this Court find the fees incurred related to the instant motion are reasonable and recoverable.[2]

### iii.  Taxable Costs[3]

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." *Cowden v. BNSF Railway Co.*, No. 4:08CV01534, 2014 WL 107844, at *1 (E.D. Mo. 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

> (1) fees of the clerk and marshal;
> (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) fees and disbursements for printing and witnesses;
> (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) docket fees under § 1923 of this title;
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

---

[2] If the Court determines Plaintiff is entitled to recover fees incurred in submitting this motion, Plaintiff will provide the hours in support.
[3] A verified Bill of Costs is filed with this motion, attached as Exhibit C.

7

28 U.S.C. § 1920.

It is presumed that a prevailing party is entitled to an award of costs. *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal quotations omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* (internal citation and quotations omitted). Pursuant to 28 U.S.C. § 1920, Plaintiff seeks costs in the amount of $63,323.06. *See* **Exhibit C**. Given the complexity of the matter and the volume of produced evidence that needed to be reviewed and analyzed, and the need for experts to assist with the complex medical issues, these costs were necessarily incurred and directly relevant to the claims and issues upon which Plaintiff prevailed.

### iv. Post-Judgment Interest

Under 28 U.S.C. § 1961, Plaintiff is entitled to post-judgment interest on any money judgment in a civil case in the district court. The amount of "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). According to the Federal Reserve, the weekly average from the calendar week preceding the date of the judgment was 2.11%.[4] Therefore, Plaintiff demands post-judgment interest at a rate of 2.11% until the jury's damage award, attorneys' fees, and costs are paid in full.

---

[4] For the five days of Monday, May 16. 2022 through Friday, May 20, 2022 (the week preceding May 26, 2022), the Federal Reserve's website reveals at: https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 that the 1-year constant maturity Treasury yield rates were 2.07%, 2.16%, 2.16%, 2.11%, and 2.07%.

4886-9837-5203

Case No. 4:20-CV-00804-JMB

## V. CONCLUSION

In summary, Plaintiff has requested appropriate relief in light of her hard-fought verdict against Defendants. The law entitles her to attorneys' fees, costs, and post-judgment interest in this matter. Through this Memorandum, Plaintiff's attorneys have demonstrated that their hourly rates are reasonable, the time and labor for which reimbursement is requested was necessary, and the results achieved are exceptional. For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion seeking an award for reasonable attorneys' fees ($1,595,544.40) and costs ($63,323.06) in the total amount of **$1,658,867.46**,[5] to further accrue at a rate of 2.11% in post-judgment interest as provided by law until the fees and costs are paid in full; and for such other relief the Court deems just and proper.

Date: June 16, 2022                                   Respectfully Submitted,

                                                       */s/ Charles C. Eblen*
Charles C. Eblen, #55166
Brandon K. Gutshall, #61848
Lindsey K. Heinz, #61775
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
ceblen@shb.com
bgutshall@shb.com
lheinz@shb.com
***Attorneys for Plaintiff***

---

[5] This amount is calculated by adding the total attorneys' fees (1,607,694.40), plus costs and reasonable expenses ($65,510.56) minus the award of fees ($12,150) and costs ($2,187.50) the Court already granted to Plaintiff following duplicative depositions as a result of Defendant ACH's failure to produce documents. ECF No. 183, p. 8.

## CERTIFICATE OF SERVICE

I certify that on June 16, 2022, a copy of **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service upon the following counsel of record:

J. Thaddeus Eckenrode
Lisa H. Howe
ECKENRODE MAUPIN
11477 Olde Cabin Rd.
Suite 110
St. Louis, MO 63141
314-726-6670
Fax: 314-726-2106
jte@eckenrode-law.com
lhh@eckenrode-law.com
  **ATTORNEY FOR DEFENDANTS DR. ARTHUR BENTLEY,
  DIONNE KELLEY, AND ADVANCED CORRECTIONAL HEALTHCARE, INC.**

/s/ Charles C. Eblen
Charles C. Eblen

4886-9837-5203