# Exhibit D

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA CHARLENE SMITH, personal representative of the Estate of BILAL HASANIE HILL, deceased,<br><br>            Plaintiff,<br><br>v.<br><br>ADVANCED CORRECTIONAL HEALTHCARE, INC.; DR. ARTHUR BENTLEY, Individually and in His Official Capacity as a Medical Services Provider at Phelps County; DIONNE KELLEY; KELLY RATCLIFF, LIEUTENANT JOE TAYLOR; DR. TRAVIS SCHAMBER,<br><br>            Defendants. | Case No. 4:20-CV-00804-JMB |

## **DECLARATION AS TO REASONABLENESS OF ATTORNEYS' FEES**

I, Charles C. Eblen, Esq., pursuant to 28 U.S.C §1746, hereby declare as follows:

1. I am an attorney and a member of good standing of the Missouri Bar, and have been employed for the purpose of representing the plaintiff in the above-entitled cause.

2. I am over the age of 18 and competent to testify to the matters contained herein.

3. From the start of this case and through trial, I was lead trial counsel for Bilal Hill and then, after he passed away, for his sister Lady Maakia Charlene Smith in her representative capacity as the Plaintiff for her brother, Mr. Hill.

4. I have significant experience as a trial and appellate lawyer, and specifically as lead counsel, both on the plaintiff and defense side in high-stakes matters.

4894-8560-0293

5. From the outset, this case was litigated as a high-stakes personal injury matter of public importance, particularly since, as Ms. Smith attests, it is difficult to litigate a case on behalf of an inmate for a deliberate indifference/medical malpractice claim.

6. To that end, and as the Court is aware, there were many contentious discovery disputes and my team had to fight to get key discovery documents and prosecute this case on behalf of our client.

7. While the Court ultimately dismissed "official capacity" claims at summary judgment, and excluded some evidence related to Defendant Advanced Correctional Healthcare's conduct at trial, virtually all of the depositions taken in this case were relevant and highly probative of the claims tried to the jury.

8. Stated differently, Plaintiff would have taken the same depositions and would have sought to admit them to this jury based on the claims presented at trial.

9. In fact, nearly all of the depositions taken in this case were either played, or had impeachment value for the live witnesses the jury heard from at trial.

10. For these reasons, it is my professional judgment that all of the discovery undertaken, depositions taken and defended, and trial preparation were reasonable, necessary and, in fact, essential to securing Mr. Hill's (and later Ms. Smith's) successful outcome before the jury in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2022.

/s/ Charles C. Eblen
CHARLES C. EBLEN, #55166

4894-8560-0293