**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LADY MAAKIA SMITH, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ADVANCED CORRECTIONAL )<br>HEALTHCARE, INC., *et al.*, )<br> )<br>    Defendants. ) | Cause No.: 4:20-CV-00804-JMB |

**DEFENDANTS ARTHUR BENTLEY, M.D., DIONNE KELLEY, AND ADVANCED CORRECTIONAL HEALTHCARE, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY EXECUTION OF JUDGMENT**

COME NOW Defendants Dionne Kelley, Dr. Arthur Bentley, and Advanced Correctional Healthcare, Inc., by and through undersigned counsel, and in support of their Motion to Stay Execution of Judgment, state as follows:

**INTRODUCTION**

On May 24, 2022, a jury trial concluded in this matter, resulting in a verdict against Dionne Kelley and Dr. Arthur Bentley on Count I and a verdict against Advanced Correctional Healthcare, Inc., Dionne Kelley, and Dr. Arthur Bentley on Count III. The Court entered judgment on May 26, 2022, and post-trial motions were due on June 23, 2022. (Doc. 264). On June 23, 2022, Defendants filed their (1) Motion to Reduce Verdict B (Doc. 278); (2) Motion for Judgment as a Matter of Law or for New Trial and Memorandum in Support (Docs. 279 and 280); and (3) Motion for Remittitur (Doc. 281). Defendants believe that each said motion is meritorious and may result in the judgment being altered substantially—or eliminated via a new trial or judgment as a matter of law.

Defendants have conferred with Plaintiff regarding execution upon the judgment and potential mediation. Defendants inquired whether Plaintiff would consent to a stay of execution during the pendency of Defendants' above-referenced post-trial motions. Although Plaintiff seems amenable to mediation, a resolution was not reached as to a stay of execution, and Plaintiff does not consent to the present motion. Defendants believe any execution upon the judgment in this matter is not well taken for the reasons argued below. As a result, Defendants request a stay of execution upon the judgment pursuant to Federal Rule of Civil Procedure 62.

## ARGUMENT

Rule 62 authorizes a stay of proceedings to execute upon and enforce a judgment when the defendant seeks a new trial, or files a renewed motion for judgment as a matter of law or seeks other post-trial relief. As noted above, Defendants filed several post-trial motions (Docs. 278, 279, 280 and 281) in this matter, including a motion for judgment as a matter of law or for new trial. In addition, two other post-judgment motions seek significant reductions in the amount of the judgment, including a reduction that is required by Missouri law. Thus, as an initial matter, permitting execution upon an $8.5 million judgment that must be reduced and is quite likely to be significantly reduced could enable Plaintiff to ultimately collect much more through the execution process than she ultimately may be determined to be entitled to—assuming that (1) she even still has a judgment after this Court rules on the motion for judgment as a matter of law or for new trial; and assuming that (2) ACH is able to continue to provide medical services in jails and prisons where it operates throughout the country, despite the garnishment of funds needed to pay its employees within those jails and prisons.[1] As discussed further below, the public interest must be

---

[1] It is here that Defendants' Motion for Remittitur (Doc. 281) becomes particularly relevant. As discussed in more detail in that motion, the Eighth Circuit has ordered the reduction of excessive damage awards when considering (among other things) the impact a large award would have on the individuals relying on the defendant's services. *Hollins v. Powell*, 773 F.2d 191, 197 (8th Cir. 1985). In *Hollins*, a Section 1983

considered in making the decision of whether to grant a stay of execution. (See discussion of the *Finley Lines* case below.)

Notably, Rule 62 provides that a stay of execution may be obtained at any time after judgment is entered. Thus, a stay may be obtained before the 30-day automatic stay granted by Rule 62(a) has expired, or afterward. As such, Defendants are timely requesting a stay, and are moving that the Court grant a stay until the Court formally rules on these post-trial motions, and for any appeal.

In addition, Defendants request this stay without requiring a bond. This Court and the Western District have granted motions making the same request or, in the alternative, have required a relatively small bond be posted in light of the circumstances presented.

In particular, in *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Ry.*, No. 4:00-CV-871 CAS, 2002 U.S. Dist. LEXIS 29895 (E.D. Mo. Jan. 3, 2002), this Court said it should consider the following factors in determining whether execution upon a judgment should be stayed: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether the issuance of the stay will substantially injure others; and (4) where the public interest lies. *Id*. at *2. These factors can effectively merge, and the Court "assesses the movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id*.

Here, Defendants with their numerous post-judgment motions have shown a strong likelihood that they will succeed on the merits of their motions (factor (1) above)—whether by

---

case involving municipal authorities, the Eighth Circuit reduced a compensatory damages award by 86%, while "in no way demean[ing] or slight[ing] the injuries inflicted upon the plaintiffs." *Id.* Among other things, the Court took into account the impact a large compensatory damages award would have had on the individuals relying upon the municipality's services—services that would be difficult to continue to provide if such a large award were upheld on appeal. *Id.*

eliminating the judgment entirely (via the granting of a new trial or judgment as a matter of law), or by significantly reducing the amount of the verdict.  Furthermore, ACH would be irreparably harmed[2] by execution upon the judgment during the pendency of those motions, in that ACH would not be able to render medical services to detainees and inmates throughout the country to the extent it currently provides such services, or even to pay its employees (factors (2) and (3) above).  ACH <u>must</u> be able to maintain its operations—a concern clearly within the public interest (factor (4) above).  If ACH's operations are compromised, then municipal, state, and other authorities who contract for medical services through ACH will not be able to easily or quickly replace the medical services provided by the company.  As such, Defendants, and the people they serve will be irreparably harmed absent a stay. Moreover, the issuance of this stay will not harm Plaintiff because, among other things, ACH maintains $1 million of insurance coverage applicable to this case, an amount that will absolutely be collectible.  In short, the public interest lies with granting a stay of execution. Private medical care is necessary in jails and prisons, and the status quo should be maintained by permitting ACH to continue to provide medical care needed by inmates and detainees while ACH's well taken post-trial motions are under review.

Also consider the case of *Enslein v. Di Mase* from the Western District, which illustrates the great discretion accorded a district court when faced with a motion to stay execution.  *Enslein v. Di Mase*, No. 16-09020-CV-W-ODS, 2020 U.S. Dist. LEXIS 77906, at *2 (W.D. Mo. May 4, 2020).  There, the court entered a judgment finding the plaintiff's total damages were about $93 million.  *Id*. at 2.  Defendant Kraus, one of eight defendants, moved to stay execution on the judgment until 30 days after the court issued its ruling on his post-judgment motion or following the resolution of any appeal.  *Id*.  The Court observed that according to the federal rules committee,

---

[2] Defendants will supplement this memorandum with appropriate affidavit(s).

"Amended Rule 62(a) expressly recognizes the court's authority to dissolve the [30-day] automatic stay or supersede it by a court-ordered stay." *Id*. at *3.

In addition, the Court noted that when determining whether a bond may be waived, courts have considered (1) "the complexity of the collection process," (2) the "time required to obtain a judgment on appeal," (3) the court's "degree of confidence…in the availability of funds to pay the judgment," (4) "whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," and (5) "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position." *Id*. at *3-4.  Ultimately, the Court concluded that a bond in the amount of $2 million was sufficient and appropriate—equal to approximately 2% of the $93 million judgment. *Id*. at *9.

The earlier discussion above concerning ACH's ongoing operations (as to the *Finley Lines* factors) shows that, in addition, *Enslein* factor (5) is satisfied, and that factor (4) is not possible. Factor (3) is related to factor (5), in that allowing Plaintiff to collect on an $8.5 million judgment that may disappear and that must be reduced would quickly impair ACH's ongoing operations in jails and prisons around the country, seriously calling into doubt the availability of funds to pay the judgment.  As for factor (1) concerning the complexity of the collection process, the decentralized nature of ACH's operations means that Plaintiff would have to register her judgment in a large number of states and engage with a smorgasbord of state statutes and procedural rules—again, all for naught if the judgment disappears or is significantly reduced, thereby (1) allowing Plaintiff to over-collect; and (2) placing ACH in the position of having to recover such over-collected funds.  Finally, regarding *Enslein* factor (2), a motion to expedite the consideration of the pending post-trial motions, and of any future appeal, would enable this Court and, if an appeal

is necessary, the Eighth Circuit, to strongly consider prioritizing this case for disposition. Thus, after considering all five of the *Enslein* factors (in addition to the *Finley Lines* factors discussed earlier), this Court is in a position to issue a stay without a bond, or in the alternative to require a relatively small bond, such as $1 million (the amount of insurance available to ACH in connection with this matter).

To summarize, *Finley Lines* provides clear precedent showing that under Rule 62(a) a district court has authority to issue a stay without requiring a bond. *Enslein*, in turn, shows that in the alternative to requiring no bond, the Court may require a bond of relatively modest nature. Taking all of the *Finley Lines* and *Enslein* factors into account, ACH has provided the court ample reasons to issue a stay of execution without bond, or in the alternative to require a bond of $1 million based on the insurance available to ACH in this case.

WHEREFORE, Defendants move that the Court grant their Motion to Stay Execution, enter an Order issuing a stay of execution without bond or, in the alternative, with a bond of $1 million, and grant any further relief this Court deems necessary.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar No.: 31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Dionne Kelley, Dr. Arthur Bentley, and Advanced Correctional Healthcare, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail and court's electronic filing system on this 24th day of June, 2022 to the following:

**Brandon Gutshall**
**Charles Eblen**
**Lindsey K. Heinz**
Shook Hardy, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108

*/s/ Joan Monninger*