# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LADY MAAKIA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:20-CV-00804-JMB |
| | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS ARTHUR BENTLEY, M.D., DIONNE KELLEY, AND ADVANCED CORRECTIONAL HEALTHCARE, INC.'S EMERGENCY MOTION FOR TEMPORARY STAY OF EXECUTION AND MEMORANDUM IN SUPPORT

Defendants Dionne Kelley, Dr. Arthur Bentley, and Advanced Correctional Healthcare, Inc. ("ACH") (collectively, "Defendants"), by and through undersigned counsel, for their Emergency Motion for Temporary Stay of Execution upon the Judgment (Doc. 264) pending the disposition of Defendants' Motion for Stay of Execution filed on June 24, 2022 (Doc. 282) and other post-trial motions (Docs. 278-281), state as follows:

1. On May 24, 2022, a jury trial concluded in this matter resulting in a verdict against Dionne Kelley and Dr. Arthur Bentley on Count I, and a verdict against Advanced Correctional Healthcare, Inc., Dionne Kelley, and Dr. Arthur Bentley on Count III (Doc. 262).

2. The Court entered judgment on May 26, 2022 (Doc. 264), and post-trial motions were due and filed by these Defendants on June 23, 2022 (Docs. 278-281).

3. Defendants also filed a Motion to Stay Execution on June 24, 2022 (Doc. 282; see also Docs. 283 & 285).

17572390.v2

4. The parties attended another mediation in this case on July 7, 2022, and Defendants were hopeful a settlement could be reached. Unfortunately, the case was not settled, in part because Plaintiff rejected Defendants' request that she hold open her last demand for one week to permit decisionmakers on vacation in connection with the Independence Day holiday to return from work, and to provide Defendants a full and fair opportunity to consider that last demand. As expressed by Defendants to the mediator after Plaintiff preemptively disconnected from the Zoom-facilitated mediation, Defendants remain ready, willing, and able to negotiate, and the mediator indicated he remains available to the parties to allow such continued negotiations to continue.

5. Before and in connection with the mediation of July 7, 2022 mentioned above, Defendants agreed to Plaintiff's request for an extension of time to July 28, 2022 to respond to Defendants' post-trial motions, including Defendants' Motion to Stay Execution (Doc. 282), as well as their motions for judgment notwithstanding the verdict, for new trial, and for remittitur (Docs. 278-281).

6. Plaintiff's deadline to respond to the above motions would have been July 7 (for most motions) and July 8 (for the Motion to Stay Execution).

7. Defendants agreed to Plaintiffs' requested extension to facilitate settlement talks and the mediation mentioned above.

8. Despite Defendants' good faith in consenting to Plaintiff's request for an extension of time to respond to post-trial motions, Plaintiff has submitted post-judgment discovery in aid of execution and has indicated her intention to immediately execute upon the underlying judgment.

9. What has happened, then, is that Plaintiff's request for an extension of time to respond to Defendants' post-trial motions has become an extended opportunity for her to execute

17572390.v2

upon the judgment, all <u>before</u> this Court even rules on the pending Motion to Stay Execution (Doc. 282) and other post-trial motions (Docs. 278-281).

10. Such premature execution efforts are in bad faith in light of Defendants' agreement to allow Plaintiff more time to engage in settlement talks and Defendants' consent to extend the deadline to respond to post-trial motions.

11. Furthermore, any attempts by Plaintiff to execute on the judgment prior to this Court's ruling on Defendants' post-trial motions are both premature and improper. Some of those motions, if granted, would result in judgment being entered for Defendants notwithstanding the verdict (Docs. 279-280), or in the damages awarded being significantly reduced (Docs. 278 & 281), or in a new trial (Docs. 279-280), such that any execution against the judgment as it now stands would be all for naught if the judgment disappears or is significantly reduced, thereby (1) allowing Plaintiff to collect on a void judgment, or to over-collect on a judgment that has been significantly altered; and (2) placing ACH in the position of having to recover funds and assets to which Plaintiff would not be entitled.

12. In light of the above factual and legal points, and as further argued below, the Court should grant this motion and enter an order staying execution until such time as the Court rules on all pending post-trial motions (Docs. 278-283 & 285). If the Court grants the Motion to Stay Execution (Doc. 282), this stay would of course remain in place in accordance with the Court's order on that motion.

## **ARGUMENT**

When considering whether to extend the automatic stay granted by Rule 62(b), the Court should exercise its judicial discretion in considering both "the harm that a stay might cause to the party who has obtained the judgment and … the harm that denial of a stay would cause to the

losing party." 11 C. Wright, A. Miller, & M.K. Kane, Federal Practice and Procedure § 2902 (3d ed. 2012). A court's decision to stay execution proceedings is reliant on four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether the issuance of the stay will substantially injure others; and (4) where the public interest lies. *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Ry.*, No. 4:00-CV-871 CAS, 2002 U.S. Dist. LEXIS 29895 (E.D. Mo. Jan. 3, 2002).

In addition to the reasons Defendants detailed in their memorandum in support of their Motion for Stay of Execution (Doc. 283), which Defendants, in the interest of judicial economy, will not restate here, the public interest factor (#4 above) weighs particularly heavily in connection with this motion seeking a temporary stay. Truly the public interest lies in granting such a stay, in that execution upon the unadjusted judgment—which judgment would disappear entirely if this Court enters judgment notwithstanding the verdict or orders a new trial—would make it difficult, if not impossible. to continue to provide qualified, licensed medical care to over 34,000 patients delivered by over 2000 employees across 19 states (see Doc. 285). This inability would greatly reduce municipal, state, and other authorities' capacity to provide qualified, licensed medical care to these patients, and would force such authorities to either seek unlicensed medical care or enter into excessive emergency contracts with other companies to ensure medical treatment for such patients (see Doc. 285).

Moreover, the agreed-to extension of time given to Plaintiff to respond to post-trial motions should not be allowed to double as a motion to extend her time to execute upon the underlying judgment, all before this Court even rules on the numerous post-trial motions. Furthermore, as noted above, Defendants remain ready, willing, and able to reengage in settlement discussions and

accept the mediator's invitation to the parties to continue his involvement in this matter. Under the circumstances, any execution upon the judgment in this matter is not well taken, especially considering the numerous factors this Court and its sister Court in the Western District have applied in granting stays of execution in other cases (see Docs. 282-283). For all the reasons stated in this motion and in Defendants' Motion for Stay of Execution and memorandum in support (Docs. 282-283), the facts and law in this matter strongly support granting a stay, particularly when there will be irreparable harm to ACH and its more than 34,000 patients in the event the Court permits Plaintiff's bad-faith execution efforts to go forward.

WHEREFORE, Defendants move this Court to grant their Emergency Motion for Temporary Stay of Execution, enter an Order in accordance with the relief sought in this Motion, and grant any further relief this Court deems necessary.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar No.:  31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com

*Attorney for Defendants Dionne Kelley, Dr. Arthur Bentley, and Advanced Correctional Healthcare, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail and the Court's electronic filing system on this 8th day of July 2022 to the following:

**Brandon Gutshall**
**Charles Eblen**
**Lindsey K. Heinz**
Shook Hardy & Bacon, LLP – Kansas City
2555 Grand Blvd, 19th Floor
Kansas City, MO 64108

*/s/ Joan Monninger*